Table of Contents of Exhibits                                    Exhibit

September 12, 2005, notice from the Pension Fund to Royal Crown . . . . . . . . . . . . . . . . . . . . . A

December 9, 2005, Royal Crown, requested review of the Pension Fund's
withdrawal liability determination . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . B

May 22, 2006, the Pension Fund responded to Royal Crown's request for a review . . . . . . . . . C

June 27, 2006, Royal Crown provided the Pension Fund with additional financial information   D

November 6, 2006, the Pension Fund advised Royal Crown that it would not make any
adjustments to the withdrawal liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . E

January 4, 2007, Royal Crown submitted a request for arbitration of the withdrawal liability
dispute to the American Arbitration Association . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . F

January 8, 2007, the Pension Fund responded to Royal Crown's request for arbitration . . . . . . G

January 10, 2007, AAA sent the parties a letter acknowledging that it had received Royal
Crown's request for arbitration and provided the parties with a list of arbitrators . . . . . . . . . . H

January 24, 2007, the Pension Fund advised AAA that Royal Crown's request to arbitrate was
untimely and therefore the matter was not subject to arbitration . . . . . . . . . . . . . . . . . . . . . . . . . I

March 8, 2007, Royal Crown responded to the Pension Fund's letter of January 24, 2007,
further pressing its opinion that the dispute regarding the timeliness of the request to
arbitrate is a matter to be resolved by the arbitrator and not the courts . . . . . . . . . . . . . . . . . . . . J

March 23, 2007, the Pension Fund responded to Royal Crown's March 8, 2007 letter
and again advised AAA that Royal Crown's request to arbitrate was untimely and
therefore the matter was not subject to arbitration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . K

March 27, 2007, AAA advised the Pension Fund that it had until April 6, 2007, to select an
arbitrator and to raise the disputed issue before the arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . L

April 6, 2007,  Royal Crown advised AAA that it wanted to stay the arbitral proceedings
pending settlement discussion between the parties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . M

December 13, 2007,  Royal Crown advised AAA that it intended to proceed with arbitration.
AAA advised the Pension Fund that the Pension Fund had until January 4, 2008, to select an
arbitrator and to raise the disputed issue before the arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . N

January 8, 2008, AAA advised the Pension Fund that the Pension Fund now had until
January 10, 2008, to select an arbitrator and to raise the disputed issue before

the arbitrator.  AAA advised that the Pension Fund's failure to select an arbitrator
will result in a selection being made by AAA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . O

January 14, 2008, the Pension Fund advised AAA that, absent an agreement from Royal
Crown to stay the selection of an arbitrator pending this action, the Pension Fund would
include AAA as a Defendant in order to enjoin its arbitrator selection procedures . . . . . . . . . . P



LAW OFFICES

# ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.

SUITE 1900
200 WEST JACKSON BOULEVARD
CHICAGO, ILLINOIS 60606

TELEPHONE (312) 263-1500
FACSIMILE (312) 263-1520
E-MAIL     firm@ulaw.com



September 12, 2005

BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Royal Crown Bottling Company of Chicago
2801 West 47th Street
Chicago, Illinois  60632

Attn:  Mr. Fred Adamany

Re:     Withdrawal Liability

Dear Mr. Adamany:

This firm represents the Soft Drink Industry–Local Union No. 744 Pension Fund ("Pension Fund").  According to our information, Royal Crown Bottling Company of Chicago completely withdrew from the Pension Fund during the plan year ending on December 31, 2005.  Under Section 4219 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as modified by the Multiemployer Pension Plan Amendments Act of 1980, you are hereby notified that your company is obligated to pay the Pension Fund the amount of $3,064,114.00 as a withdrawal liability assessment.  This amount is payable in quarterly installments of $64,749.00, commencing on September 30, 2005, and with following payments in the same amount due on the last day of each calendar quarter, with a final payment due on June 30, 2025.  You may also discharge your obligation with a single payment of $3,064,114.00, payable on September 30, 2005.

If you fail to make any payment when due, the entire balance will become immediately due and payable and the Pension Fund will assess interest from the due date and will undertake appropriate legal action to collect the withdrawal liability.  I also



EXHIBIT

A

ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.

Royal Crown Bottling Company of Chicago
Attn: Mr. Fred Adamany
Page 2
September 12, 2005

direct your attention to ERISA Sections 4219 and 4221 for a description of rights you
may have in connection with this assessment of withdrawal liability.

Very truly yours,

Barry G. Collins

BGC:jsw
cc:      (all by first class mail)
         Board of Trustees
         Ms. Sherryl Reeves, Fund Manager
         C T Corporation System (Registered Agent)
         Mr. David Dean, Fund Actuary

# SOFT DRINK INDUSTRY LOCAL UNION NO. 744 PENSION FUND

## APPENDIX B

## EMPLOYER WITHDRAWAL LIABILITY WORKSHEET
For Withdrawals From January 1, 2005 Through December 31, 2005

Employer Name:  Royal Crown Bottling

| Year Ended March 31* (1) | Unamortized Balance of Withdrawal Liability Pools | | Contributions During 5-Year Period Ended Prior to Date Pool Established | | Liability Allocated: (5) divided by (4), times the sum of (2) and (3) (6) |
|---|---|---|---|---|---|
| | Basic Pools (2) | Reallocated Pools (3) | Total Plan Contributions (4) | Obligated Employer Contributions (5) | |
| 2001 | $4,083,760 | $0 | $5,585,238 | $730,159 | $533,871 |
| 2002 | 7,840,740 | 0 | 5,942,506 | 782,910 | 1,032,998 |
| 2003 | 9,391,507 | 0 | 6,365,492 | 856,854 | 1,264,184 |
| 2004 | 1,662,205 | 0 | 6,375,603 | 893,935 | 233,061 |

A.  Gross Liability (Sum of Column 6) ........................................................ $3,064,114

B.  De minimis ........................................................ 50,000

C.  Deductible:  (B), but not greater than [$100,000 + (B) - (A)] nor less than zero ........................................................ - -

D.  Net Withdrawal Liability:  (A) - (C), but not less than zero ........................................................ $3,064,114

* Years not shown have no withdrawal liability component.

## PAYMENT SCHEDULE

Highest three-year average contribution hour during last 10 years ........................................................ 3,047.00

Highest contribution rate during last 10 years ........................................................ $85.00

Quarterly payment amount ........................................................ $64,748.75

Number of full payments ........................................................ 80

Final Payment ........................................................ N/A

✳ SEGAL

# SEYFARTH
### ATTORNEYS SHAW LLP

55 East Monroe Street
Suite 4200
Chicago, IL 60603-5803
312-346-8000
fax 312-269-8869
www.seyfarth.com

Writer's direct phone
(312) 269-8955

Writer's e-mail
lhaynes@seyfarth.com

December 9, 2005

**VIA MESSENGER**

Soft Drink Industry--Local Union No. 744 Pension Fund
c/o Barry G. Collins
Asher, Gittler, Greenfield & D'Alba, Ltd.
200 West Jackson Blvd., Suite 1900
Chicago, IL 60606

Re:    **Royal Crown Bottling Company of Chicago**
        **Soft Drink Industry--Local Union No. 744 Pension Fund**
        **Assessment of $3,064,114.00**

Dear Mr. Collins:

      We represent Royal Crown Bottling Company of Chicago ("RC"), with regard to the above assessment. We write to respond to the September 12, 2005 letter (the "Demand Letter") from the Soft Drink Industry—Local Union No. 744 Pension Fund ("Pension Fund") to RC assessing withdrawal liability in the amount of $3,064,114.00. A copy of the Demand Letter is attached at Tab A.[1]

      On behalf of RC, we hereby request review of the Demand Letter pursuant to Section 4219(b)(2)(A) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1399(b)(2)(A). In particular, based on the information presently available, RC wishes to bring the following matters to the Board of Trustees' attention for appropriate review and response:

1.    **RC's Withdrawal Liability Is Limited to No Greater than 50 Percent of the Amount Assessed Pursuant to ERISA Section 4225(b).**

      Section 4225(b) of ERISA generally provides that "[i]n the case of an insolvent employer undergoing liquidation or dissolution, the unfunded benefits allocable to that employer shall not exceed an amount equal to . . . 50 percent of the unfunded vested benefits allocable to the employer." 29 U.S.C. § 1405(b). An employer is insolvent for purposes of this limitation if its

---

[1]    A declaration supporting the facts stated herein is attached at Tab D.


EXHIBIT
B



liabilities, "including withdrawal liability under the plan (determined without regard to subsection (b) of this section)," exceed its assets." *Id.* § 1405(d).

The assessed amount of $3,064,114.00 combined with RC's other liabilities (as reflected in the Financial Statements at Tab B) clearly exceed its assets. Under this analysis, RC is an insolvent employer undergoing liquidation or dissolution, and its withdrawal liability should be limited to half of the unfunded vested benefits allocable to RC pursuant to Section 4225(b). We decline to provide a specific dollar amount, however, because the unfunded vested benefits allocable to RC are unclear given the Pension Fund's pending production of the information requested at Tab C and any potential new grounds for review that RC may assert based on such information.

2.    **RC Requires and Requests Further Information from the Pension Fund to Properly Evaluate the Withdrawal Liability Assessment and to Determine What More, if Anything, to Question in this Request for Review.**

RC hereby requests that the Pension Fund provide the undersigned with any and all information identified at Tab C. The information requested is intended to provide RC with a full disclosure of the components of the withdrawal calculation, including but not limited to, the Pension Fund's unfunded vested benefits as of December 31, 2004 (including full disclosure of the assets and liabilities used to make the determination), the relevant employer contributions, and the allocation fraction.

*    *    *

RC hereby reserves its right to amend, clarify or supplement the matters raised above depending upon the information submitted by the Pension Fund in response to the list at Tab C. Furthermore, RC hereby reserves the right to raise such new issues as may arise from our review of material received in the future.

By submission of this request for review of withdrawal liability, RC does not waive its right to seek arbitration or judicial relief regarding any and all issues arising from the Demand Letter. RC expressly reserves its right to seek arbitration or judicial relief with respect to any and all such issues. Nothing in this request for review shall be deemed a waiver of RC's right to challenge the purported withdrawal date or any revised withdrawal liability calculations made by the Pension Fund in the course of its review of this matter.

The facts contained in this letter are based on discussions we have had with officers and representatives of RC and are true and correct to the best of our present knowledge, information, and belief.



Soft Drink Industry--Local Union No. 744 Pension
Fund
December 9, 2005
Page 3

Please contact me at your earliest convenience to discuss the matters asserted in this letter.

Very truly yours,

SEYFARTH SHAW LLP

Linda J. Haynes

cc:    Michael Adamany
       James R. Acanfora

CH2 20183756.2

FILE

LAW OFFICES

# ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.

SUITE 1900
200 WEST JACKSON BOULEVARD
CHICAGO, ILLINOIS 60606

TELEPHONE (312) 263-1500
FACSIMILE (312) 263-1520
E-MAIL      *firm@ulaw.com*



May 22, 2006

BY FAX (312-269-8869) AND MAIL

Ms. Linda J. Haynes
Seyfarth Shaw, LLP
55 East Monroe, Ste. 4200
Chicago, Illinois 6603-5803

               re:       Withdrawal Liability of Royal
                        Crown Bottling Company of Chicago

Dear Ms. Haynes:

On behalf of the Trustees of the Soft Drink Industry–Local Union No. 744 Pension Fund ("Pension Fund"), I am responding to your letter of December 9, 2005, by which you, on behalf of Royal Crown Bottling Company of Chicago ("RC"), asked the Trustees to review the withdrawal liability assessment made on September 12, 2005.

As part of your request, you have asked the Pension Fund for a considerable number of documents. Section 4221(e) of ERISA requires the Pension Fund to provide an employer with information necessary to calculate its withdrawal liability. The Pension Fund has already provided RC with information explaining the calculation of the assessment. Moreover, while ERISA Section 4219(a) requires an employer to furnish the plan with any information needed for the plan to discharge its duties under the law, this section is not bilateral and there is no corresponding provision in favor of an employer. Finally, Section 4219 does not provide for "discovery" in connection with the review process. For all of these reasons, the Trustees respectfully decline to provide the requested documents.

Section 4219(b)(2)(A) allows an employer to ask the plan to "review any specific matter" relating to the withdrawal liability assessment, and also allows the employer to "furnish any additional relevant information" in connection with the request for review. Reading these two provisions together, the Trustees believe that, if an employer claims the benefit of any statutory exception or limitation to withdrawal liability, the burden is


EXHIBIT
tabbies

ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.

Ms. Linda J. Haynes
Page 2
May 22, 2006

on the employer to establish that the requirements for that exception or limitation have been satisfied.

You have asserted that RC is insolvent and undergoing liquidation and you have claimed entitlement to the reduction provided for in Section 4225(b). In support of this claim, you have provided selected pages from RC's audited financial statements as of March 31, 2005. The Trustees have determined that the proffered financial statements provide an insufficient basis for concluding that there should be a reduction in RC's withdrawal liability or, if a reduction is appropriate, for determining the amount of the reduction. While the financial statements show a negative net worth, the Trustees cannot determine that RC's assets and liabilities have been fairly stated. At a minimum, the full financial statements, including notes, should have been provided.

That having been said, the Trustees have made a good faith effort to interpret and apply the incomplete financial information. Please understand that the figures in the following paragraph are the product of numerous assumptions, the validity of which has not been established. The Trustees have declined to reduce RC's withdrawal liability assessment but, assuming for the sake of discussion that the figures in the financial statements are entirely valid and that the Trustees have correctly interpreted them, the following paragraph shows how the Trustees would apply this information. These calculations also assume that RC is indeed insolvent and undergoing liquidation.

Section 4225(b) provides that RC's withdrawal liability shall be 50% of the initial assessment ($3,064,114 \div 2 = $1,532,057$), plus that portion of $1,532,057 which does not exceed RC's liquidation value as of the commencement of the liquidation. Assuming the liquidation date (which RC has not supplied) is March 31, 2005, the date of the financial statements, the liquidation value is determined by subtracting the withdrawal liability obligation and adding back the 50% reduction amount. The statements show a net (negative) value of ($1,955,217) and a pension liability of $4,698,239, which we assume represents a present value of withdrawal liability payments due over time. Deleting this liability, the liquidation value increases from ($1,955,217) to $2,743,022. Subtracting the 50% of the original assessment ($1,532,057) that remains due, RC's liquidation value is $1,210,965. Adding this to the 50% portion of the withdrawal liability that was not reduced, the total adjusted withdrawal liability would be $2,743,022.

I note that RC's liability over time was reduced by application of the maximum amortization period of 20 years, as required by Section 4219(c)(1)(B). Given that the quarterly payments ($64,749) are unaffected by a Section 4225(b) reduction, the modest reduction that might be appropriate under Section 4225(b) (which reduction is premised

ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.

Ms. Linda J. Haynes
Page 3
May 22, 2006

on a number of unproven assumptions), it does not appear that RC's amortization period would be significantly affected by a Section 4225(b) reduction..

As stated above, the foregoing figures do not represent a determination that RC's withdrawal liability should in fact be $2,743,022. The Trustees cannot make this determination because RC has not provided sufficient data. The Trustees have asked me to detail their review of the Section 4225(b) calculation so that, should RC choose to raise the issue in further proceedings, RC will be aware of the issues as perceived by the Board of Trustees.

I referred above to the Pension Fund's right to information under Section 4219(a). The Trustees have determined that, in order for them to comply with their obligation to assess and collect withdrawal liability, there is some additional information they need from RC. As you are no doubt aware, businesses under "common control" with the withdrawing employer are jointly liable for the employer's withdrawal liability. By this letter, and on behalf of the Trustees of the Pension Fund, I am asking you to provide information on any such businesses. Such information should include the names and addresses of the businesses and the names of the controlling persons. Under Section 4219(a), this information must be provided within 30 days. The Pension Fund may make further inquiries, depending on the detail provided in your response.

Thanking you in advance for your cooperation, I remain,

Very truly yours,

Barry G. Collins

BGC:jsw
cc:     Ms. Sherryl Reeves, Fund Manager
        Mr. Gregory McQuitter, Co-Chairman
        Mr. Frank Westerman, Co-Chairman



**SEYFARTH SHAW** LLP
ATTORNEYS

55 East Monroe Street

Suite 4200

Chicago, IL  60603-5803

312-346-8000

fax 312-269-8869

www.seyfarth.com

Writer's direct phone

(312) 269-8955

Writer's e-mail

lhaynes@seyfarth.com

June 27, 2006

Soft Drink Industry--Local Union No. 744 Pension Fund
c/o Barry G. Collins
Asher, Gittler, Greenfield & D'Alba, Ltd.
200 West Jackson Blvd., Suite 1900
Chicago, IL 60606

> **Re:    Royal Crown Bottling Company of Chicago**
> **Soft Drink Industry--Local Union No. 744 Pension Fund**
> **Assessment of $3,064,114.00**

Dear Mr. Collins:

Thank you for forwarding the signed Confidentiality Agreement.   As the Soft Drink Industry—Local Union No. 744 Pension Fund has agreed to keep these financial statements confidential, enclosed please find a complete copy of the Financial Statements of Royal Crown Bottling Company of Chicago ("RC") dated March 31, 2005 prepared by independent auditors.

We trust this information establishes RC's entitlement to an adjustment of its withdrawal liability assessment pursuant to Section 4225(b) of the Employee Retirement Income Security Act of 1974 ("ERISA").  If you have any questions or would like to discuss this matter, please contact me.

Very truly yours,

SEYFARTH SHAW LLP

Linda J. Haynes

Enclosures
cc:    Michael Adamany (w/o enclosures)
        James R. Acanfora (w/o enclosures)

BRUSSELS     WASHINGTON, D.C.     SAN FRANCISCO     SACRAMENTO     NEW YORK     LOS ANGELES     HOUSTON     CHICAGO     BOSTON     ATLANTA



EXHIBIT

D

CH1 11079641.1

FILE

LAW OFFICES

ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.

SUITE 1900
200 WEST JACKSON BOULEVARD
CHICAGO, ILLINOIS 60606

TELEPHONE (312) 263-1500
FACSIMILE (312) 263-1520
E-MAIL      firm@ulaw.com

November 6, 2006

Ms. Jennifer A. Kraft
Seyfarth Shaw LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603

re:    Withdrawal Liability of Royal
       Crown Bottling Company of Chicago

Dear Ms. Kraft:

On behalf of the Trustees of the Soft Drink Industry–Local Union No. 744 Pension Fund ("Pension Fund"), I am writing to advise you of the Trustees' determination regarding the request of Royal Crown Bottling Company of Chicago ("RC") for relief from a withdrawal liability assessment under ERISA Section 4225(b). By my letter of May 22, 2006, to Ms. Linda Haynes of your firm, I advised that RC had not provided the Trustees with sufficient information to conclude that RC was entitled to relief under Section 4225(b). You subsequently provided a complete copy of RC's audited financial statements as of March 31, 2005.

RC's financial statements generally report the value of assets on a historical cost basis. Because the exception provided in Section 4225(b) is based on the "liquidation value" of the employer, the Trustees believe that the value of the employer's assets must be determined by their liquidation value, rather than their cost. By way of example, I call your attention to Note 3 of the statements. That note shows the historical cost of "Property, Plant and Equipment" (totaling $24,786,153) and then reduces that value by accumulated depreciation in the amount of $23,576,214, for a net value of $1,209,939. That figure bears no relationship to the liquidation value of RC's building and land, which the Trustees believe has appreciated substantially in recent years.

There are some other uncertainties in RC's financial statements, which I need not describe because the failure to provide a liquidation value of RC's assets is of itself fatal



ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.

Ms. Jennifer A. Kraft
Page 2
November 6, 2006


to the application.  The Trustees have concluded that RC has still failed to establish that it is entitled to relief under Section 4225(b) and they have accordingly denied RC's request.

Very truly yours,


Barry G. Collins


BGC:jsw
cc:     Ms. Sherryl Reeves, Fund Manager

# SEYFARTH
**ATTORNEYS** **SHAW** LLP

131 South Dearborn Street
Suite 2400
Chicago, IL 60603-5577
312-460-5000
fax 312-460-7000
www.seyfarth.com

Writer's direct phone
(312) 460-5955

Writer's e-mail
lhaynes@seyfarth.com

January 4, 2007

**VIA FEDEX**

Robert Harner
American Arbitration Association
27777 Franklin Road, Suite 1150
Southfield, Michigan 48034

> Re:  *Soft Drink Industry – Local Union No. 744 Pension Fund v. Royal Crown Bottling Company of Chicago Demand For Arbitration In Complete Withdrawal Liability Dispute Over Assessment of September 12, 2005*

Dear Mr. Harner:

This office has been retained by Royal Crown Bottling Company of Chicago (hereinafter the "Company") to represent it in a dispute with the Soft Drink Industry – Local Union No. 744 Pension Fund (the "Pension Fund"), concerning an assessment of complete withdrawal liability by the Pension Fund in the amount of $3,064,114.00.  In accordance with Section 7 of the Multiemployer Pension Fund Arbitration Rules for Withdrawal Liability Disputes, the Company hereby demands arbitration of this matter.  Enclosed please find two copies of the Company's Demand for Arbitration, along with a check for the required fee of $1,450.00.

The Company is represented by:

> Linda J. Haynes
> Ronald J. Kramer
> Seyfarth Shaw LLP
> 131 South Dearborn Street, Suite 2400
> Chicago, Illinois 60603
> (312) 460-5000

BRUSSELS    WASHINGTON, D.C.    SAN FRANCISCO    SACRAMENTO    NEW YORK    LOS ANGELES    HOUSTON    CHICAGO    BOSTON    ATLANTA

CHI 11157465.1



EXHIBIT

F



We believe the Pension Fund is represented by:

> Barry G. Collins
> Asher, Gittler, Greenfield & D'Alba, Ltd.
> 200 West Jackson Blvd., Suite 1900
> Chicago, Illinois 60606
> (847) 263-1500

The Pension Fund has demanded complete withdrawal liability in the amount of $3,064,114.00 from the Company despite the Company's insolvency. The issues to be arbitrated include without limitation the following, subject to the qualification and further explanation contained in the Company's request for review:

1. ERISA Section 4225(b), 29 U.S.C. § 1405(b), limits the Company's withdrawal liability to an amount not exceeding 50 percent of the unfunded vested benefits allocable to the Company because the Company is an insolvent employer undergoing liquidation or dissolution.

2. The Pension Fund may have understated the value of its assets. Reasons behind the understatement may include, but may not be limited to, the following:

   a. Valuing assets differently for different purposes, using unreasonable asset valuation methods, or having recently changed valuation methods.

   b. The Pension Fund may have understated its assets if it provided sweetheart deals to certain employers.

   c. The Pension Fund may not properly be accounting for lost assets and uncollected receivables it currently is seeking to recover – or should be seeking to recover.

3. The Pension Fund should have reduced its calculation of unfunded vested benefits by an amount of money that it expects to collect in withdrawal liability from other employers. Even if it did so, the amount it utilized may have been too low.

4. The Pension Fund's calculation of the present value of vested benefits for withdrawal liability purposes may be overstated and unreasonable.

5. Whether the Pension Fund Trustees made inappropriate increases to benefit levels in breach of their fiduciary duties such that it depleted Plan assets and increased unfunded liability of the Pension Fund. Moreover, the Company questions whether any Plan amendments which increased liabilities were properly adopted pursuant to the Trust Agreement and other rules and regulations applicable to plan amendments.

6. The Pension Fund's calculations for payments may have been overstated if they include a charge for first year interest.



7.   In addition to the reasons set forth in this request for review, it is possible that the value of the Pension Fund's unfunded vested liability is overstated for many other reasons, including the use of inaccurate or unreasonable actuarial assumptions, estimates, data, and calculations, failure to credit collections of amounts such as contributions, withdrawal liability, or other amounts collected on the Pension Fund's behalf, and failure to collect amounts the Pension Fund should have collected, improper transfers, etc.  Because the Pension Fund has yet to provide the Company with the necessary information to make these determinations, the Company is unable to be any more specific as to its objections at this time.

8.   Any and all other reasonable means for challenging the assessment.

Please accept this demand for arbitration.  You may contact me (312-460-5955) if you have any questions.

Sincerely,

SEYFARTH SHAW LLP

Linda J. Haynes

Enclosure (two copies)
cc:   ~~Barry G. Collins (w/encl. - original) (via FedEx)~~

CH1 11157465.1

# AMERICAN ARBITRATION ASSOCIATION

## MULTIEMPLOYER PENSION PLAN ARBITRATION RULES
### DEMAND FOR ARBITRATION

DATE: 01/04/07

TO: (Name) __Soft Drink Industry Local 744 Pension Fund, c/o Barry G. Collins__
(of party upon whom the Demand is made)

(Street Address) __200 W. Jackson Blvd., Suite 1900__

(City and State) __Chicago, Illinois_____ (Zip Code) __60606__

(Telephone) __312-263-1500__

The undersigned, a party to an arbitration agreement ~~XXXX~~ required by ERISA Sec. 4211, 29 U.S.C. Sec. 1401

hereby demands arbitration thereunder. (Attach arbitration clause or quote hereunder.)

(Cite Dispute Briefly)

Withdrawal Liability Assessment of September 12, 2005

Tab 1 - Assessment; Tab 2 - Request for Review;

Tab 3 - The Fund's Request For Additional Information;

Tab 4 - Response to the Fund; Tab 5 - Final Determination

Tab 6 - Statutory Provision on Arbitration


AMOUNT OF LIABILITY CLAIMED BY PLAN: __$3,064,114.00__

AMOUNT OF LIABILITY CLAIMED BY EMPLOYER: __significantly less__

HEARING LOCALE REQUESTED: __Chicago, Illinois__

You are hereby notified that copies of our arbitration agreement and of this Demand are being filed with the American Arbitration Association at its __Southfield, MI__ Regional Office, with the request that it commence the administration of the arbitration.

Name of Claimant __Royal Crown Bottling Company of Chicago__

Signed __Ronald Kramer__

Title __Attorney__

Address __Seyfarth Shaw LLP,131 S. Dearborn Street, Suite 2400__

City and State __Chicago, Illinois_____ Zip Code __60603__

Telephone __(312) 460-5000__

Name of Attorney __Linda J. Haynes and Ronald J. Kramer__

Address __Seyfarth Shaw LLP, 131 S. Dearborn Street, Suite 2400__

City and State __Chicago, Illinois_____ Zip Code __60603__

Telephone __(312) 460-5000__

To institute proceedings, please send two copies of this Demand with the administrative fee, as provided in Section 47 of the Rules, to the AAA. Send original of the Demand to Respondent.

LAW OFFICES

# Asher, Gittler, Greenfield & D'Alba, Ltd.

SUITE 1900
200 WEST JACKSON BOULEVARD
CHICAGO, ILLINOIS 60606

TELEPHONE (312) 263-1500
FACSIMILE (312) 263-1520
E-MAIL    firm@ulaw.com



January 8, 2007

Ms. Linda J. Haynes
Seyfarth Shaw LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603

                                    re:    Withdrawal Liability of Royal
                                           Crown Bottling Company of Chicago

Dear Ms. Haynes:

On behalf of the Trustees of the Soft Drink Industry–Local Union No. 744 Pension Fund ("Pension Fund"), I have received a copy of your January 4, 2007, letter to the American Arbitration Association, demanding arbitration of the objections of Royal Crown Bottling Company of Chicago ("RC") to the withdrawal liability assessment made by the Pension Fund.

The Pension Fund declines to participate in the arbitration because it was untimely filed.

Section 4221(a)(1) of ERISA is unambiguous on the timing requirements. Disputes regarding withdrawal liability are to be resolved through arbitration, which must be initiated within a 60-day period after the earlier of (A) the date of the Pension Fund's response to the employer's request for review under Section 4219(b)(2)(B) or (B) 120 days after the date of the employer's request for review under section 4219(b)(2)(A).

RC's request for review under Section 4219(b)(2)(B) was made by your letter of December 9, 2005. The Pension Fund's initial response to RC's request was my May 22, 2006, letter to you. After RC subsequently provided additional documents, the Pension Fund made a further response, in the form of my November 6, 2006, letter to Ms. Jennifer Kraft of your office. We might debate which of my two letters (the May 22, 2006, letter or the November 6, 2006, letter) constituted the Pension Fund's "response" for purposes of triggering the 60-day period for initiating arbitration, but there is no doubt whatsoever



EXHIBIT

G

ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.

Ms. Linda J. Haynes
Page 2
January 8, 2007

that April 8, 2006, was 120 days after December 9, 2005. April 8 is earlier than either May 22 or November 6 and, following the rule that the deadline is 60 days after the earlier of the two dates, a request for arbitration should have been filed by June 9, 2006. Your January 4, 2007, submission was therefore untimely.

RC has been paying its quarterly withdrawal liability assessments. As long as RC continues to do so, the Pension Fund cannot and need not take action. Pension Fund representatives have had discussions with RC representatives regarding the possibility of resolving this matter with a single negotiated payment. Those discussions may continue, but the Trustees consider that, while they may agree to discount the withdrawal liability assessment in the interest of prompt payment, that would be the only justification for any such discount.

Very truly yours,

Barry G. Collins

BGC:jsw
cc:     Board of Trustees
        Ms. Sherryl Reeves, Fund Manager
        Mr. Robert Harner, American Arbitration Association

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Michigan Labor Center*

January 10, 2007

American Center Building, Suite 1150, 27777 Franklin Road, Southfield, MI 48034-8208
telephone: 800-891-4741 facsimile: 248-352-3147
internet: http://www.adr.org/

Barry Collins
Asher, Gittler, Greenfield & D'Alba
200 West Jackson Blvd. Suite 1900
Chicago, IL  60606

Linda Haynes
Seyfarth Shaw
131 South Dearborn St.
Suite 2400
Chicago, IL  60603

Re: 51 621 00042 07
     Soft Drink Industry Local No. 744 Pension Fund
     and
     Royal Crown Bottling Company of Chicago

Grievances:     Withdrawal Liability (Assessment of September 12, 2005)



EXHIBIT
*tabbies*
H

Dear  Parties:

Royal Crown Bottling Company of Chicago, filed with this office on January 05, 2007 a Demand for Arbitration of a controversy arising out of a Multiemployer Pension Plan between the above-named parties containing a clause for the administration by this Association in accordance with the Multiemployer Pension Plan Arbitration Rules for Withdrawal Liability Disputes.  We understand that a copy was sent to the Respondent.  A copy of our Multiemployer Pension Plan Arbitration Rules may be obtained from our web site at:

http:// www.adr.org

If you would like a printed copy of these procedures please contact the undersigned.

The attention of the Respondent is directed to Section 7c of the Rules.  If the Respondent does not answer within seven (7) days, we will assume that the claim is denied.  However, if an answer is made that includes a monetary claim, the appropriate fee provided in the Fee Schedule should be forwarded to the Association with the answer.

In accordance with Section 11 of the Rules, the Association encloses an identical list of names selected from our Panel from which the arbitrator is to be appointed.  Each party may strike the name of any unacceptable arbitrator, and then rank the remaining names in order of preference.  The list is to be returned to this office within seven (7) days of the date of this letter.  Please note that if a party does not return the list in the time specified, all arbitrators listed therein shall be deemed acceptable and an arbitrator will be appointed without the submission of additional lists.

The Association has a strict policy regarding requests for extensions.  If you need to extend any deadline during the course of these proceedings, please try to obtain the other party's agreement prior to contacting the AAA.  Without the consent of the parties, Case Managers only have the authority to grant one seven

(7) day extension per deadline, provided that the request is reasonable and necessary. Any additional extensions can only be granted by an AAA Supervisor.

The parties are to exchange copies of all correspondence, with the exception of the arbitrator's lists.

The Association will make maximum use of fax machines when communicating in writing, and requests that the parties do the same.

In order to expedite administration, please direct all further correspondence to the undersigned at the address listed above.

In the interest of further facilitating the proceedings, the attention of the parties is directed to Section 15 of the Rules, which outlines the availability of pre-hearing conferences. Please contact the undersigned if you would like to arrange for this procedure.

Thank you.

Very truly yours,

Charlene A. Chase
Supervisor
248 352 5500
Chasec@adr.org

Enclosures

cc:

Re: 51 621 00042 07
    Soft Drink Industry Local No. 744 Pension Fund
    and
    Royal Crown Bottling Company of Chicago


Grievances:    Withdrawal Liability (Assessment of September 12, 2005)

DATE LIST SUBMITTED: January 10, 2007
CASE MANAGER:  Charlene A. Chase

### LIST FOR SELECTION OF ARBITRATOR(S)

**************************************************************************
After striking the name of any unacceptable arbitrator, please indicate your order of preference by number. We will try to appoint a mutually acceptable arbitrator who can hear your case promptly. Leave as many names as possible.


Norman  Brand

Elmer G. Cowan

James H. Jordan, Sr.

Allan S. McCausland PHD

Edward J. O'Connell

Mariann E. Schick

Elliott D. Shriftman


**************************************************************************
Party _____

By _____ Title _____

NOTE: Biographical information is attached. Unless your response is received by the Association **WITHIN 10 CALENDAR DAYS OF THE DATE OF THIS LIST**, all names submitted may be deemed acceptable.

FILE

LAW OFFICES

# ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.

SUITE 1900
200 WEST JACKSON BOULEVARD
CHICAGO, ILLINOIS 60606

TELEPHONE (312) 263-1500
FACSIMILE (312) 263-1520
E-MAIL    firm@ulaw.com



January 24, 2007

Ms. Charlene A. Chase
American Arbitration Association
American Center Bldg., Ste. 1150
27777 Franklin Road
Southfield, Michigan 48034-8208

> Re:    51 621 00042 07
> Soft Drink Industry–Local Union
> No. 744 Pension Fund and Royal
> Crown Bottling Company of Chicago

Dear Ms. Chase:

This is in response to your letter of January 10, 2007. That letter apparently crossed in the mail with my January 8, 2007, letter to Attorney Linda J. Haynes, who represents Royal Crown Bottling Company of Chicago ("RC"). Mr. Robert Harner, of the American Arbitration Association ("AAA") received a copy of my January 8, 2007, letter.

In my January 8, 2007, letter, I advised Ms. Haynes and the AAA that the Soft Drink Industry–Local Union No. 744 Pension Fund ("Pension Fund") would respectfully decline to participate in the captioned arbitration because it was untimely filed.

For your benefit, I will repeat the points made in my January 8, 2007, letter. Section 4221(a)(1) of ERISA sets forth the timing requirements for arbitrating withdrawal liability claims. Those requirements are unambiguous. Disputes regarding withdrawal liability are to be resolved through arbitration, which must be initiated within a 60-day period after the <u>earlier</u> of (A) the date of the Pension Fund's response to the employer's request for review under Section 4219(b)(2)(B) or (B) 120 days after the date of the employer's request for review under section 4219(b)(2)(A).



EXHIBIT
_I_

Asher, Gittler, Greenfield & D'Alba, Ltd.

Ms. Charlene A. Chase
Page 2
January 24, 2007

        RC's request for review under Section 4219(b)(2)(B) was made on December 9,
2005. Under clause (B), the 120-day period ended on April 8, 2006. That date is earlier
than the date of either of the Pension Fund's two responses to RC's request for review.
(The Pension Fund initially responded to RC's request on May 22, 2006, and, after RC
provided additional documents, the Pension Fund made a further response on
November 6, 2006.) Sixty days after the earlier of the two dates was June 9, 2006. That
date was the deadline for filing an arbitration.

        RC has not articulated how an arbitration filed on January 5, 2007, could be
timely. It may be that RC thought that, until the Pension Fund provided a conclusive
response to RC's request for review, the filing period for arbitration would be tolled.
This is clearly not correct, since Section 4221(a)(1) bases the deadline on the <u>earlier</u> of
two dates, one based on the date of the employer's request and the other based on the date
of the plan sponsor's response. Moreover, the Pension Fund had no agreement or
understanding with RC that the Pension Fund would waive the timeliness requirement.

        RC's principal objection to the withdrawal liability assessment was RC's claim
that it is entitled to a reduction in its withdrawal liability under ERISA Section 4225.
Although RC has not asserted that such a claim is not subject to arbitration, the Court of
Appeals for the Fourth Circuit has recently decided that very issue, in <u>Sheet Metal
Workers' National Pension Fund v. BES Services, Inc.</u>, 469 F.3d 369 (4th Cir.,
November 29, 2006). The Court of Appeals there determined that a claim under ERISA
Section 4225 must be arbitrated and, if not arbitrated, the claim is waived.

        Please contact me if you have any questions regarding this letter.

                                        Very truly yours,


                                        Barry G. Collins


BGC:jsw
cc:    Ms. Sherryl Reeves, Fund Manager
       Linda J. Haynes, Esq.

# SEYFARTH
**ATTORNEYS** SHAW LLP

3-12-07

131 South Dearborn Street

Suite 2400

Chicago, IL 60603-5577

312-460-5000

fax 312-460-7000

www.seyfarth.com

Writer's direct phone
(312) 460-5865

Writer's e-mail
cconnor@seyfarth.com

Writer's direct fax
(312) 460-7865

March 8, 2007

**VIA FACSIMILE 248-352-3147**

Charlene Chase
American Arbitration Association
American Center Building, Suite 1150
27777 Franklin Road
Southfield, Michigan 48034-8208

> Re:  *Royal Crown Bottling Company of Chicago and Soft Drink Industry*
>      *Local No. 744 Pension Fund; 51 621 00042 07*

Dear Ms. Chase:

Please accept this letter as Royal Crown Bottling Company's response to the Soft Drink Industry Local No. 744 Pension Fund's January 24, 2007 correspondence. In its communication, the Fund alleged that Royal Crown's January 5, 2007 demand for arbitration was untimely and therefore refused to participate in the captioned arbitration. Royal Crown submits, however, that it timely demanded arbitration, and even if it did not, the proper method to resolve the Fund's timeliness dispute is through binding arbitration.

As an initial matter, Section 3 of AAA's Multi-Employer Pension Plan Arbitration Rules characterizes AAA as the "administrator" of any arbitration initiated under its Rules. These same Rules, however, are silent regarding the specific authority of the "administrator." Thus, it is unclear whether or not the AAA, as the "administrator," may decide significant procedural questions, or whether those questions should be determined by an arbitrator.

While the AAA's Rules are unclear, the Supreme Court has conclusively held that procedural questions of arbitrability, such as a grievance's timeliness, are left to the arbitrator's sound discretion. *John Wiley & Sons v. Livingston*, 376 U.S. 543, 557 (1964) (procedural questions left to the arbitrator); *see also Oil, Chemical & Atomic Workers Int'l Union, Local 7-1 v. Amoco Oil Co.*, 883 F.2d 581, 585 (7th Cir. 1989) ("procedural issues such as standing or the timeliness of filing a grievance are for the arbitrator"). Here, whether or not Royal Crown timely initiated

CH1 11184633.1

BRUSSELS   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA



**EXHIBIT**

J



arbitration is a procedural question which should be determined by an arbitrator, not by AAA's administrative staff.

A recent Supreme Court decision further supports Royal Crown's position. In *Howsam v. Dean Witter Reynolds*, 537 U.S. 79 (2002), Dean Witter refused to arbitrate Karen Howsam's grievance brought under the National Association of Securities Dealers' ("NASD") arbitration rules. The NASD's rules contained a provision stating that no dispute "shall be eligible for submission . . . where six (6) years have elapsed from the occurrence or event giving rise to the . . . dispute." Dean Witter filed a lawsuit in federal district court which maintained that the dispute was ineligible for arbitration because it was more than six years old. Rejecting this argument, the Court held that "the applicability of the NASD time limit rule is a matter presumptively for the arbitrator, not for the judge" and therefore ordered Dean Witter to arbitrate Howsam's grievance and the underlying timeliness question. *Howsam*, 537 U.S. at 85. In making its decision, the Court noted that the Revised Uniform Arbitration Act of 2000, states that "issues of procedural arbitrability, i.e., whether prerequisites such as *time limits*, notice, *laches*, *estoppel*, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide." *Id.* at 85 (quoting § 6(c), comment 2, 7 U. L. A., at 13)) (emphasis added).

Much like the dispute in *Howsam*, whether Royal Crown timely initiated arbitration is a procedural question which should be determined by an arbitrator. Thus, it is the arbitrator's, not AAA's, responsibility to weigh the facts and determine the timeliness of Royal Crown's arbitration demand. Further, nothing within either AAA's Rules or ERISA suggests that AAA, instead of an arbitrator, should determine procedural disputes. Instead, the Pension Plan Rules highlight that, under ERISA Section 4221, "*any dispute...*shall be resolved through arbitration." Whether Royal Crown timely initiated arbitration clearly falls within the ambit of "any dispute." Consequently, as in *Howsam*, AAA should allow an arbitrator to determine whether Royal Crown properly initiated arbitration under ERISA.

Finally, the last two paragraphs of the Fund's January 24 letter further underscore the need for AAA to appoint an arbitrator. In those paragraphs, the Fund unconvincingly argues that Royal Crown's potential arguments regarding the timeliness of its demand for arbitration lack merit. To the contrary, Royal Crown maintains, and it believes that an arbitrator would agree, that the time to demand arbitration was either equitably tolled by the parties' settlement negotiations or the Fund is equitably estopped to assert a timeliness objection because of its conduct. As the holding in *Howsam* demonstrates, such defenses to timeliness are properly determined by an arbitrator and require an arbitrator's expertise.



Royal Crown therefore requests that AAA forward a panel of arbitrators to the parties to begin the arbitration process.  Should you have any questions or concerns, please do not hesitate to contact me.

Respectfully yours,

SEYFARTH SHAW LLP

Colin M. Connor

CMC:cmc

cc:    Linda Haynes
       Barry G. Collins

LAW OFFICES

# ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.

SUITE 1900
200 WEST JACKSON BOULEVARD
CHICAGO, ILLINOIS 60606

TELEPHONE (312) 263-1500
FACSIMILE (312) 263-1520
E-MAIL    firm@ulaw.com



March 23, 2007

Ms. Charlene A. Chase
American Arbitration Association
American Center Bldg., Ste. 1150
27777 Franklin Road
Southfield, Michigan 48034-8208

Re:    51 621 00042 07
       Soft Drink Industry–Local Union
       No. 744 Pension Fund and Royal
       Crown Bottling Company of Chicago

Dear Ms. Chase:

Your letter of March 14, 2007, asks for the response of the Soft Drink Industry–Local Union No. 744 Pension Fund ("Pension Fund") to Attorney Colin Connor's letter of March 8, 2007, written on behalf of Royal Crown Bottling Company of Chicago ("RC").

The Pension Fund has previously explained why RC's request for arbitration was untimely. Mr. Connor's letter cites various cases in support of his argument that the arbitrator, rather than the courts, should determine the timeliness of a demand for arbitration. However, none of the cases Mr. Connors cites involved a withdrawal liability arbitration under MPPAA. The Court of Appeals for the Seventh Circuit dealt with precisely that issue in Robbins v. Chipman Trucking, Inc., 866 F.2d 899 (7th Cir. 1988). The Court held that the courts, and not the arbitrator, must decide the timeliness of a MPPAA arbitration demand.

The facts of the Robbins case are remarkably similar to those of the case at bar and the Court's analysis confirms the correctness of Pension Fund's finding that RC's demand was untimely. I should also point out that the Pension Benefit Guaranty Corporation filed an *amicus curiae* brief in the Robbins case, arguing that the employer's arbitration demand was untimely, that the employer had waived its defenses to the

EXHIBIT

K

ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.

Ms. Charlene A. Chase
Page 2
March 23, 2007

withdrawal liability claim by failing to make a timely demand, and that the issues were properly presented to the court for decision.

The Pension Fund considers the Robbins case to be conclusive. The Pension Fund will therefore decline to participate in an arbitration, in the unlikely event that the AAA submits a panel of arbitrators to the parties.

The only difference between the Robbins facts and the facts of the present case is that the employer in Robbins failed to make the required payments so that the plaintiff pension fund filed suit to enforce its rights. In the present case, RC has thus far made all required quarterly payments. For this reason, the Pension Fund has no basis to file suit. If RC believes that this is an appropriate case to ask the Seventh Circuit to reverse itself, perhaps RC should default on its next payment, which would provide a jurisdictional basis for a lawsuit and a judicial resolution of RC's claim.

Very truly yours,

Barry G. Collins

BGC:jsw
cc:    Ms. Sherryl Reeves, Fund Manager
       Colin M. Connor, Esq.

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Michigan Labor Center*

March 27, 2007

American Center Building, Suite 1150, 27777 Franklin Road, Southfield, MI 48034-8208
telephone: 800-891-4741 facsimile: 248-352-3147
internet: http://www.adr.org/

Barry Collins
Asher, Gittler, Greenfield & D'Alba
200 West Jackson Blvd. Suite 1900
Chicago, IL 60606

Colin Connor
Seyfarth Shaw
131 South Dearborn St.
Suite 2400
Chicago, IL 60603

Re: 51 621 00042 07
    Soft Drink Industry Local No. 744 Pension Fund
    and
    Royal Crown Bottling Company of Chicago

Grievances:    Withdrawal Liability (Assessment of September 12, 2005)

Dear Parties:

This will acknowledge receipt of a letter dated March 23, 2007. from Mr. Collins, a copy of which we note has been sent to Mr. Connor.

The Association has carefully reviewed the contentions and positions of the parties as set forth in their correspondence. Royal Crown Bottling Company of Chicago has met the filing requirements of the rules by the filing of a demand for arbitration providing for administration by the American Arbitration Association under its rules.

Accordingly, in the absence of an agreement by the parties or a court order staying this matter, the Association will proceed with its further administration. The parties may wish to raise this issue with the arbitrator at or prior to the hearing.

**Accordingly, you are each asked to execute and return the list of arbitrators provided by the Association to you on January 10, 2007, if your list is not received by April 6, 2007, it shall be assumed all names are acceptable and an arbitrator will be appointed from among the list received.**

Very truly yours,

Charlene A. Chase
Supervisor
248 352 5500
Chasec@adr.org



EXHIBIT

# SEYFARTH
### ATTORNEYS
# SHAW LLP

131 South Dearborn Street

Suite 2400

Chicago, IL 60603·5577

312·460·5000

fax 312·460·7000

www.seyfarth.com

Writer's direct phone
(312) 460-5821

Writer's e-mail
jkaplan@seyfarth.com

April 6, 2007

**VIA FACSIMILE (312-263-1520)**

Barry Collins
Asher, Gittler, Greenfield & D'Alba
200 West Jackson Blvd. Suite 1900
Chicago, Illinois 60606

>    Re:    ***Royal Crown Bottling Company of Chicago and Soft Drink Industry***
>    ***Local No. 744 Pension Fund; 51 621 00042 07***

Dear Mr. Collins:

After conferring with our client, Royal Crown is willing to stay the AAA arbitration if: the Fund agrees to abstain from filling a lawsuit pending the outcome of settlement negotiations. Indeed, Royal Crown believes the best outcome for both parties is a mutually agreeable settlement.

To protect its interests, Royal Crown still intends to submit its struck arbitrator panel to the AAA. This, however, does not mean that the Company is unwilling to agree to a stay.

Please advise me if the Fund agrees to these terms and I will notify the AAA accordingly.

Respectfully yours,

SEYFARTH SHAW LLP

Joel H. Kaplan

cc:    Mike Adamany

**EXHIBIT**
M

CHI 11202909.1

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Michigan Labor Center*

December 13, 2007

American Center Building, Suite 1150, 27777 Franklin Road, Southfield, MI 48034-8208
telephone: 800-891-4741 facsimile: 248-352-3147
internet: http://www.adr.org/

Barry Collins
Librado Arrelo
Asher, Gittler, Greenfield & D'Alba
200 West Jackson Blvd. Suite 1900
Chicago, IL 60606

Colin Connor
Marc Jacobs
Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago, IL 60603

Re: 51 621 00042 07
    Soft Drink Industry Local No. 744 Pension Fund
    and
    Royal Crown Bottling Company of Chicago

Grievances:     Withdrawal Liability (Assessment of September 12, 2005)

Dear Parties:

This acknowledges receipt of Mr. Jacobs' letter of December 13, 2007, a copy of which we note has been provided to Mr. Arreola.

Mr. Jacobs has requested the Association proceed with the administration of this matter inasmuch as the attempts to resolve this matter were unsuccessful. Accordingly, we ask the parties to review the enclosed list which was actually provided to you on April 6, 2007 (not executed or returned from either party).

Please note the return date of January 4, 2008.

Thank you for your cooperation.

Very truly yours,

Charlene A. Chase
Supervisor
248 352 5500
Chasec@adr.org



EXHIBIT
N

 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Michigan Labor Center*

January 8, 2008

American Center Building, Suite 1150, 27777 Franklin Road, Southfield, MI 48034-8208
telephone: 800-891-4741 facsimile: 248-352-3147
internet: http://www.adr.org/

Barry Collins
Asher, Gittler, Greenfield & D'Alba
200 West Jackson Blvd. Suite 1900
Chicago, IL  60606

Re: 51 621 00042 07
   Soft Drink Industry Local No. 744 Pension Fund
   and
   Royal Crown Bottling Company of Chicago

Grievances:     Withdrawal Liability (Assessment of September 12, 2005)

Dear Mr. Collins:

Further to our letter of December 13, 2007.  The Association requested your list of arbitrators provided undercover of our letter of April 6, 2007, be executed and returned to our office on or before January 4, 2008.  As of this letter your list has not been received.  Would you kindly execute and return by January 10, 2008.  If not received, it shall be assumed all names are acceptable.  If you have returned your list, we apologize and ask that you forward a copy.

Thank you for your cooperation.

Very truly yours,

Charlene A. Chase
Supervisor
248 352 5500
Chasec@adr.org

cc:



EXHIBIT

LAW OFFICES

# ASHER, GITTLER, GREENFIELD & D'ALBA, LTD.

SUITE 1900
200 WEST JACKSON BOULEVARD
CHICAGO, ILLINOIS 60606

TELEPHONE (312) 263-1500
FACSIMILE (312) 263-1520
E-MAIL    firm@ulaw.com

January 14, 2008

Writer's Direct E-Mail:
la@ulaw.com

*By fax and mail.*

Charlene A. Chase
AAA
American Center Building, Suite 1150
27777 Franklin Road
Southfield, MI 48034-8208

Re:    Soft Drink Industry Local No. 744 Pension Fund and
       Royal Crown Bottling Company of Chicago
       Case No. 51 621 00042 07

Dear Ms. Chase:

This is in response to our conversation of today, January 14, 2008, regarding the selection of an arbitrator.  In a letter dated January 8, 2008, you set a deadline of January 10, 2008, for the selection of an arbitrator.  During our discussion on January 14, you stated that absent an agreement from both parties to suspend or stay your procedures, AAA would go forward with the selection of an arbitrator.

The Pension Fund will be filing a lawsuit in federal court naming the Employer as well as AAA as defendants, challenging the arbitrability of this matter.  The Pension Fund disputes the Employer's position that the timeliness issue must be decided by an arbitrator and will therefore include AAA as a defendant in order to obtain an injunction in order to stay your procedures.  Should the Employer agree to temporarily stay its continued request to go forward with your procedures until the federal court resolves whether this dispute is arbitrable, then it will not be necessary to name AAA as a defendant.  However, absent an agreement by the Employer, the Pension Plan will name AAA as a defendant.

Feel free to call me if you have any questions.

Sincerely,

Librado Arreola

cc:    Marc Jacobs

EXHIBIT
P