IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SOFT DRINK INDUSTRY - LOCAL UNION NO. 744 PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>ROYAL CROWN BOTTLING COMPANY OF CHICAGO, a Delaware Corporation,<br><br>Defendant. | Case No. 08 C 502<br><br>Judge Leinenweber<br><br>Magistrate Judge Nolan |

### ROYAL CROWN'S PARTIAL ANSWER AND
### AFFIRMATIVE DEFENSES TO COUNT I OF PLAINTIFF'S COMPLAINT

Defendant, ROYAL CROWN BOTTLING COMPANY OF CHICAGO ("Defendant" or "Royal Crown"), by and through its attorneys, Seyfarth Shaw LLP, for its answer to Count I of Plaintiff's Complaint,[1] states as follows:

### JURISDICTION AND VENUE

#### COMPLAINT ¶ 1:

This is an action for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, regarding the withdrawal liability, interest and penalties incurred by Royal Crown as a result of its withdrawal from a multiemployer pension plan, and for injunctive relief enjoining the Defendants.

#### ANSWER:

Defendant admits that Plaintiff purports to bring this action under the statute listed.

Defendant denies each and every other allegation contained in paragraph 1 of the Complaint.

---

[1] Defendant simultaneously has filed a Motion to Dismiss Count II of the Complaint.

CH1 11422325.1

**COMPLAINT ¶ 2:**

This action is brought under the provisions of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendment Acts of 1980, 29 U.S.C. §§ 1001-1461.

**ANSWER:**

Defendant admits that Plaintiff allege to bring this action under the statutes listed.

Defendant denies each and every other allegation contained in paragraph 2 of the Complaint.

**COMPLAINT ¶ 3:**

Jurisdiction in this Court based upon Section 502(e), 502(f) and 4301(c) of ERISA, 29 U.S.C. § 1132(e), 1132(f) and 1451(c).

**ANSWER:**

Defendant admits that Plaintiff alleges that jurisdiction is based under the statutes listed.

Defendant denies that this Court should assert jurisdiction as Defendant initiated arbitration under Section 4221 of ERISA, 29 U.S.C. § 1401.

**COMPLAINT ¶ 4:**

Venue is proper in this Court pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §1132(e)(2) and 1451(d), as the Pension Fund is located at 300 S. Ashland Blvd., Chicago, Illinois, and the Pension Fund is administered in the Northern District of Illinois.

**ANSWER:**

Defendant admits that Plaintiff allege that venue is appropriate under the statutes listed.

Defendant denies that venue is appropriate in this or any District as Defendant initiated arbitration under Section 4221 of ERISA, 29 U.S.C. § 1401.

**THE PARTIES**

**COMPLAINT ¶ 5:**

Plaintiffs are the Trustees of the Soft Drink Industry-Local Union No. 744 Pension Fund ("Pension Fund"), which is a multiemployer pension plan within the meaning of Section 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. § 1002(37) and 1301(a)(3).

**ANSWER:**

Defendant admits the allegation contained in Paragraph 5 of the Complaint.

**COMPLAINT ¶ 6:**

The present Trustees of the Pension Fund are the Plan Sponsor of the Pension Fund within the meaning of Section 4001(a)(10)(A), 29 U.S.C. § 1301(a)(10(A).

**ANSWER:**

On information and belief, Defendant admits the allegations contained in Paragraph 6 of the Complaint.

**COMPLAINT ¶ 7:**

Pursuant to Section 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. § 1132(a)(3) and 1451(a)(1), the Trustees are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

**ANSWER:**

Defendant admits that Plaintiff is authorized to bring this action under the statutes listed. Defendant denies that Plaintiff properly initiated this action as Defendant initiated arbitration under Section 4221 of ERISA, 29 U.S.C. § 1401.

**COMPLAINT ¶ 8:**

Royal Crown is a Delaware corporation, it is an employer engaged in an industry affecting commerce and it has an office and operates and transacts business in Chicago, Illinois.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 8 of the Complaint.

## FACTS

**COMPLAINT ¶ 9:**

Royal Crown was subject to a Collective Bargaining Agreement ("CBA") executed with Teamsters Local Union No. 744.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 9 of the Complaint.

**COMPLAINT ¶ 10:**

Royal Crown was required to make contributions to the Pension Fund on behalf of certain of its employees pursuant to the CBA.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 10 of the Complaint.

**COMPLAINT ¶ 11:**

The funds contributed to the Pension Fund by Royal Crown are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable Federal laws and the funds are administered pursuant to the terms and provisions of a certain Amended Agreement and Declaration of Trust ("Trust Agreement").

**ANSWER:**

Defendant admits that it contributed funds to the Pension Fund and that those funds should be administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA, other applicable Federal laws and the terms and provisions of the Trust Agreement. Defendant lacks knowledge or information sufficient to form a belief as to the truth of each and every other remaining allegation contained in Paragraph 11 of the Complaint.

**COMPLAINT ¶ 12:**

The CBA and the Trust Agreement required Royal Crown to submit contribution reports listing the hours worked by its bargaining unit employees (hereinafter referred to as "contribution reports") and to make concurrent payment of contributions to the Pension Fund based upon the hours worked by said employees.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 12 of the Complaint.

**COMPLAINT ¶ 13:**

As provided in the Trust Agreement, the Pension Fund is required to receive, hold and manage all monies required to be contributed to the Pension Fund in accordance with the provisions of the then applicable CBA for the uses and purposes set forth in the Trust Agreement.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 13 of the Complaint.

**COMPLAINT ¶ 14:**

Royal Crown ceased its business operations subject to the CBA in 2005 and began selling its assets.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 14 of the Complaint.

**COMPLAINT ¶ 15:**

During the plan year ending December 31, 2005, Royal Crown permanently ceased to have an obligation to contribute to the Pension Fund, thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. 1383.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 15 of the Complaint.

**COMPLAINT ¶ 16:**

As a result of this complete withdrawal, Royal Crown incurred "withdrawal liability" to the Pension Fund in the amount of $3,064,114.00, as determined under Section 4201(b) of ERISA, 29 U.S.C. 1381(b).

**ANSWER:**

Defendant denies the allegations contained in Paragraph 16 of the Complaint.

**COMPLAINT ¶ 17:**

On about September 12, 2005, Royal Crown received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. 1382(2) and 1399(b)(1).  (See Exhibit A.)

**ANSWER:**

Defendant admits the allegations contained in Paragraph 16 of the Complaint.

**COMPLAINT ¶ 18:**

The September 12, 2005, notice from the Pension Fund notified Royal Crown that its withdrawal liability obligation could be discharged by a single lump sum payment of $3,064,114.00, or by eighty (80) quarterly payments of $64,749.00, beginning on September 30,

2005, with a final payment due on June 30, 2025. (See Exhibit A.) The eighty (80) quarterly payments over 20 years would result in a cumulative payment of $5,179,920.00.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 18 of the Complaint.

**COMPLAINT ¶ 19:**

On December 9, 2005, Royal Crown, through its counsel, requested review of the Pension Fund's withdrawal liability determination in accordance with Section 4219(b)(2)(A) of ERISA, 29 U.S.C. 1399(b)(1). (See Exhibit B.)

**ANSWER:**

Defendant admits the allegations contained in Paragraph 19 of the Complaint.

**COMPLAINT ¶ 20:**

On May 22, 2006, the Pension Fund responded to Royal Crown's request for a review and advised Royal Crown that the Trustees of the Pension Fund had declined to reduce Royal Crown's withdrawal liability because Royal Crown had not provided documentation sufficient to support its position. (See Exhibit C.)

**ANSWER:**

Defendant admits the allegations contained in Paragraph 20 of the Complaint, but denies that Defendant provided insufficient information to the Pension Fund to support its position.

**COMPLAINT ¶ 21:**

On June 27, 2006, Royal Crown provided the Pension Fund with additional financial information. (See Exhibit D.)

**ANSWER:**

Defendant admits the allegations contained in Paragraph 21 of the Complaint.

**COMPLAINT ¶ 22:**

On November 6, 2006, the Pension Fund again advised Royal Crown that it would not make any adjustments to the withdrawal liability because Royal Crown had not provided documentation sufficient to support its position. (See Exhibit E.)

CH1 11422325.1

**ANSWER:**

Defendant admits the allegations contained in Paragraph 22 of the Complaint, but denies that Defendant provided insufficient information to the Pension Fund to support its position.

**COMPLAINT ¶ 23:**

On January 4, 2007, Royal Crown submitted a request for arbitration of the withdrawal liability dispute to the American Arbitration Association ("AAA"). (See Exhibit F.)

**ANSWER:**

Defendant admits the allegations contained in Paragraph 23 of the Complaint.

**COMPLAINT ¶ 24:**

On January 8, 2007, the Pension Fund responded to Royal Crown's request for arbitration, advising AAA and Royal Crown that Royal Crown's request to arbitrate the matter was untimely under Section 4221(a)(1) of ERISA, 29 U.S.C. 1401(a)(1). (See Exhibit G.)

**ANSWER:**

Defendant admits that on January 8, 2007 the Pension Fund advised the AAA and Royal Crown of the Pension Fund's position that Defendant's demand for arbitration was untimely. Defendant denies that its demand for arbitration was untimely under Section 4221 of ERISA, 29 U.S.C. § 1401. Defendant denies each and every other remaining allegation contained in Paragraph 24 of the Complaint.

**COMPLAINT ¶ 25:**

On January 10, 2007, AAA sent the parties a letter acknowledging that it had received Royal Crown's request for arbitration on January 4, 2007, and provided the parties with a list of arbitrators. (See Exhibit H.)

**ANSWER:**

Defendant admits the allegations contained in Paragraph 25 of the Complaint.

**COMPLAINT ¶ 26:**

On January 24, 2007, the Pension Fund advised AAA that Royal Crown's request to arbitrate was untimely and therefore the matter was not subject to arbitration. (See Exhibit I.)

**ANSWER:**

Defendant admits that on January 24, 2007 the Pension Fund advised the AAA and Royal Crown of the Pension Fund's position that Defendant's demand for arbitration was untimely. Defendant denies that its demand for arbitration was untimely under Section 4221 of ERISA, 29 U.S.C. § 1401. Defendant denies each and every other remaining allegation contained in Paragraph 26 of the Complaint.

**COMPLAINT ¶ 27:**

On March 8, 2007, Royal Crown responded to the Pension Fund's letter of January 24, 2007, further pressing its opinion that the dispute regarding the timeliness of the request to arbitrate is a matter to be resolved by the arbitrator and not the courts. (See Exhibit J.)

**ANSWER:**

Defendant admits the allegations contained in Paragraph 27 of the Complaint.

**COMPLAINT ¶ 28:**

On March 23, 2007, the Pension Fund responded to Royal Crown's March 8, 2007, letter and again advised AAA that Royal Crown's request to arbitrate was untimely and therefore the matter was not subject to arbitration. (See Exhibit K.)

**ANSWER:**

Defendant admits that on March 23, 2007 the Pension Fund responded to Royal Crown's March 8, 2007 letter and again advised the AAA and Royal Crown of the Pension Fund's position that Defendant's demand for arbitration was untimely and therefore not arbitrable. Defendant denies that its demand for arbitration was untimely under Section 4221 of ERISA, 29 U.S.C. § 1401. Defendant denies each and every other remaining allegation contained in Paragraph 28 of the Complaint.

**COMPLAINT ¶ 29:**

In a letter dated March 27, 2007, AAA advised the Pension Fund that it had until April 6, 2007, to select an arbitrator and to raise the disputed issue before the arbitrator. (See Exhibit L.)

CH1 11422325.1

**ANSWER:**

      Defendant admits the allegations contained in Paragraph 29 of the Complaint.

**COMPLAINT ¶ 30:**

      In a letter dated April 6, 2007, Royal Crown advised AAA that it wanted to stay the arbitral proceedings pending settlement discussion between the parties. (See Exhibit M.)

**ANSWER:**

      Defendant admits the allegations contained in Paragraph 30 of the Complaint.

**COMPLAINT ¶ 31:**

      In a letter dated December 13, 2007, Royal Crown advised AAA that it intended to proceed with arbitration. (See Exhibit N.)

**ANSWER:**

      Defendant admits the allegations contained in Paragraph 31 of the Complaint.

**COMPLAINT ¶ 32:**

      In a letter dated December 13, 2007, AAA advised the Pension Fund that the Pension Fund had until January 4, 2008, to select an arbitrator and to raise the disputed issue before the arbitrator. (See Exhibit N.)

**ANSWER:**

      Defendant admits that the AAA sent the Pension Fund a letter on December 13, 2007 advising that the Pension Fund had until January 4, 2008 to select an arbitrator. Defendant denies each and every other remaining allegation contained in Paragraph 32 of the Complaint.

**COMPLAINT ¶ 33:**

      In a letter dated January 8, 2008, AAA advised the Pension Fund that the Pension Fund now had until January 10, 2008, to select an arbitrator and to raise the disputed issue before the arbitrator. AAA advised that the Pension Fund's failure to select an arbitrator will result in a selection being made by AAA. (See Exhibit O.)

**ANSWER:**

Defendant admits that the AAA sent the Pension Fund a letter on January 8, 2008 advising that the Pension Fund had until January 10, 2008 to select an arbitrator. Defendant denies each and every other remaining allegation contained in Paragraph 33 of the Complaint.

**COMPLAINT ¶ 34:**

In a letter dated January 14, 2008, the Pension Fund advised AAA that, absent an agreement from Royal Crown to stay the selection of an arbitrator pending this action, the Pension Fund would include AAA as a Defendant in order to enjoin its arbitrator selection procedures. (See Exhibit P.)

**ANSWER:**

Defendant admits the allegations contained in Paragraph 34 of the Complaint.

**COMPLAINT ¶ 35:**

On January 21, 2008, Royal Crown agreed to stay the arbitration selection procedures with AAA pending a ruling by this Court as to the arbitrability of this matter.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 35 of the Complaint.

**COUNT I**
**DECLARATORY RELIEF**

**COMPLAINT ¶ 36:**

Plaintiff restates and realleges paragraphs 1 through 35 above as paragraphs 36 through 70 of Count I.

**ANSWER:**

Defendant incorporates its answers to paragraphs 1 through 35 above as answers to paragraphs 36 through 70 of Count I.

**COMPLAINT ¶ 71:**

By the actions set forth herein, Royal Crown is forcing the Pension Fund to arbitrate a claim that is not statutorily arbitrable.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 71 of the Complaint.

**COMPLAINT ¶ 72:**

Royal Crown's January 4, 2007, request for arbitration to AAA was untimely and any issues concerning its withdrawal liability are therefore not arbitrable.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 72 of the Complaint.

**COMPLAINT ¶ 73:**

Section 4221(a)(1) of ERISA, 29 U.S.C. 1401(a)(1), states:

Any dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under §§4201 through 4219 shall be resolved through arbitration. Either party may initiate the arbitration proceeding within a 60-day period after the earlier of –
(A) the date of notification to the employer under §4219(b)(2)(B), or
(B) 120 days after the date of the employer's request under §4219(b)(2)(A).

**ANSWER:**

Defendant admits that Plaintiff quotes part of Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Defendant further states that it timely demanded arbitration under Section 4221 of ERISA, 29 U.S.C. § 1401.

**COMPLAINT ¶ 74:**

By the untimely filing of its demand to arbitrate the withdrawal liability issues, Royal Crown has waived any challenges it may have posed to the withdrawal liability assessed against it by the Pension Fund on September 12, 2005.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 74 of the Complaint.

**COMPLAINT ¶ 75:**

Royal Crown's December 13, 2007, request to AAA to proceed with the selection of an arbitrator and to proceed with the arbitration is forcing the Pension Fund to arbitrate a claim that is not statutorily arbitrable.

11

**ANSWER:**

Defendant denies the allegations contained in Paragraph 75 of the Complaint.

## **COUNT II**
## **INJUNCTIVE RELIEF**

Royal Crown has filed a motion to dismiss Count II of Plaintiff's Complaint.

Accordingly, Royal Crown will not answer Count II.

## **AFFIRMATIVE DEFENSES**

1. The allegations of this Complaint are subject to mandatory arbitration under Section 4221 of ERISA, 29 U.S.C. § 1401.

2. This Court does not have jurisdiction over Count I of Plaintiff's complaint as Royal Crown initiated arbitration under Section 4221 of ERISA, 29 U.S.C. § 1401.

3. Plaintiff's claim that Defendant's demand for arbitration was untimely filed under Section 4221 of ERISA, 29 U.S.C. § 1401, is barred by the equitable defenses of estoppel, laches, and/or unclean hands.

4. The time for Defendant to demand arbitration under Section 4221 of ERISA, 29 U.S.C. § 1401, was equitably tolled by the parties' conduct.

WHEREFORE, Defendant Royal Crown Bottling Company of Chicago respectfully requests that this Court dismiss the Complaint, enter judgment in its favor and against Plaintiff, and grant it such further relief as may be proper.

**DATED: March 24, 2008**                     Respectfully submitted,

                                              ROYAL CROWN BOTTLING
                                              COMPANY OF CHICAGO


                                              By:  /s/       Colin M. Connor
                                                   One of Its Attorneys

Joel H. Kaplan
Marc. R. Jacobs
Colin M. Connor
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

CH1 11422325.1

## **CERTIFICATE OF SERVICE**

I, Colin M. Connor, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing ROYAL CROWN'S PARTIAL ANSWER TO COUNT I OF PLAINTIFF'S COMPLAINT to be served upon the following counsel of record on March 24, 2008 through the Court's electronic filing system:

> Librado Arreola
> Barry G. Collins
> Asher, Gittler, Greenfield & D'Alba, Ltd.
> 200 W. Jackson Blvd., Suite 1900
> Chicago, Illinois 60606

/s/     Colin M. Connor

CH1 11422325.1