# Exhibit A

Case 1:08-cv-00502    Document 11-2    Filed 03/24/2008    Page 1 of 3

# SEYFARTH SHAW LLP
ATTORNEYS

Writer's direct phone
(312) 460-5626

Writer's e-mail
mjacobs@seyfarth.com

February 19, 2008

**VIA FACSIMILE (312) 263-1520**

Mr. Librado Arreola
Asher Gittler Greenfield & D'Alba Ltd.
200 West Jackson Boulevard, Suite 1900
Chicago, Illinois 60606

  Re: *Soft Drink Industry Local Union No. 744 Pension Fund v. RC Cola Bottling Company* -- Case No. 08 C 502

Dear Librado:

  We are in receipt of the Complaint that you have filed on behalf of the Fund. As we previously discussed, Defendant will waive Service and we will file a response pleading or pleadings in the time authorized by law.

  Upon review, Count I appears to seeks declaratory relief on the grounds that RC's demand for arbitration made to the American Arbitration Association ("AAA") was untimely. As you are aware, we disagree with your position asserted in Count I and adhere to our position that this is an issue for an AAA-appointed arbitrator to decide.

  It was our understanding that Count I was the only issue to be litigated. On several levels, we are troubled by the claim asserted in Count II of your Complaint, which asks the court to create a constructive trust for a sum of $4,532,430. First, we were unaware that you intended to raise any claim other than the claim identified in Count I. Had you disclosed this second claim in advance, it may have affected our decision regarding whether to stay the arbitration.

  Putting that issue to one side, we are unaware of any legal support for this claim particularly under the facts presented. Defendant has made timely withdrawal liability payments and owes the Fund no delinquent payments. Moreover, the Fund has no basis to assert an equitable trust in this case as there is no identifiable money or property of which the Fund is the true owner. As explained in *Admin. Comm. of the Wal-Mart Stores, Inc. v. Varco*, 338 F.3d 680, 687 (7th Cir. 2003), a plaintiff may seek a constructive trust where:

BRUSSELS  WASHINGTON, D.C.  SAN FRANCISCO  SACRAMENTO  NEW YORK  LOS ANGELES  HOUSTON  CHICAGO  BOSTON  ATLANTA



Mr. Librado Arreola
February 19, 2008
Page 2

> money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession. A court of equity could then order a defendant to transfer title (in the case of the constructive trust) or to give a security interest (in the case of the equitable lien) to a plaintiff who was, in the eyes of equity, the true owner. But where the property sought to be recovered or its proceeds have been dissipated so that no product remains, the plaintiff's claim is only that of a general creditor, and the plaintiff cannot enforce a constructive trust of or an equitable lien upon other property of the defendant]. . . .Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession."

*Id., quoting in part, Reich v. Continental Casualty Co.*, 33 F.3d 754, 756 (7th Cir. 1994) (other citations omitted). The Fund has no conceivable, let alone "good conscience," claim to any identified property over which it seeks to assert a constructive trust. The Fund cannot even identify the property over which it claims a right to a constructive trust, merely that it claims that it is entitled to a constructive trust over undefined assets in an amount equal to its claim for withdrawal liability. As such, the Fund's claim "is only that of a general creditor," and has no higher priority than any other outstanding creditor. It has no right, legal, equitable or otherwise, to step in front of other creditors.

At this time, we intend to move to dismiss Count II of the Complaint. However, prior to preparing and filing such a motion, we request that within 21 days of this letter, you withdraw the claim or provide to us legal support for your rights and theory advanced in Count II. If you do not withdraw Count II or provide us with adequate support for your claim therein, we will file the motion to dismiss and may seek attorneys' fees and/or other appropriate sanctions if we are successful in obtaining the dismissal of that claim.

We look forward to your reply on or before March 11, 2008.

Very truly yours,

SEYFARTH SHAW LLP

Marc Jacobs

cc: Mike Adamany
  Joel Kaplan

CH3 1128644.1