**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE SOFT DRINK INDUSTRY - LOCAL UNION NO. 744 PENSION FUND, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 C 502 |
| v. | ) ) | Judge Leinenweber |
| ROYAL CROWN BOTTLING COMPANY OF CHICAGO, a Delaware Corporation, | ) ) ) ) | Magistrate Judge Nolan |
| Defendant. | ) ) ) | |

**ROYAL CROWN'S REPLY IN SUPPORT OF ITS**
**MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT**

Royal Crown Bottling Company of Chicago ("Defendant" or "Royal Crown"), through

undersigned counsel, submits this Reply in Support of its Motion to Dismiss Count II of

Plaintiff's Complaint.

**INTRODUCTION**

In its Response, the Soft Drink Industry – Local Union No. 744 Pension Fund (the

"Fund"), makes one recurrent argument:  "Congress has effectively determined that pension

funds will be irreparably harmed unless employers are enjoined to make *interim payments* while

litigation proceeds."  Response Br. at 4 (emphasis added).  Based on this argument, and the

rationale that it will be irreparably harmed if the Court does not create a constructive trust over

unidentified assets, the Fund reasons that this Court should award it equitable relief.

The Fund's argument misses the point of Royal Crown's Motion.  Indeed, Royal Crown

concedes that the Multi-Employer Pension Plan Amendments Act (MPPAA) of 1980 requires

employers to make interim payments when assessed withdrawal liability.  But nothing in

CH1 11464981.3

MPPAA, ERISA, or subsequent case law *anywhere* in the United States grants the Fund the right to obtain equitable relief when Royal Crown has made each and every interim withdrawal liability payment when due. As the Fund admits, Royal Crown has timely made every payment to date. As such, the Court should grant Royal Crown's Motion to Dismiss Count II of Plaintiff's Complaint.

## ARGUMENT[1]

Based on the facts alleged in the Fund's Complaint, there is no set of facts on which the Fund could obtain the relief sought in Count II of its Complaint. Indeed, the Fund has not pled and cannot establish the prerequisites for establishment of a constructive trust. As this Court has previously explained, and as outlined in Royal Crown's initial Memorandum of Law:

> A constructive trust is imposed by the courts to prevent unjust enrichment where a party receives property or money which, in equity, it should not be entitled to keep. A constructive trust will not be imposed, however, unless the complainant makes specific allegations of wrongdoing…such as fraud, breach of fiduciary duty, duress, coercion or mistake. Furthermore, the grounds for imposing a constructive trust must be so clear, convincing, strong and unequivocal as to lead to but one conclusion.

*Weinstein v. Carrane*, No. 90 C 1190, 1991 U.S. Dist. LEXIS 16427, at *11 (N.D. Ill. Nov. 6, 1991) (Judge Harry D. Leinenweber) (attached to Royal Crown's Memorandum in Support of its Motion to Dismiss as Exhibit C). Although *Weinstein* did not involve a pension fund, it accurately states the general principles necessary for a court to impose a constructive trust and is applicable here.

---

[1] The Fund complains that Royal Crown improperly supplemented facts alleged in the Complaint. Those supplemental facts, however, do not bear upon Royal Crown's motion, but merely underscore that Royal Crown proffered the Fund a chance to dismiss its claim short of court involvement. Should the Court choose, those facts and documents need not be considered when reviewing Royal Crown's motion to dismiss.

CH1 11464981.3

Even in its Response, the Fund has neither identified "specific allegations" of Royal Crown's wrongdoing, nor identified specific property or money in Royal Crown's possession that it is not entitled to keep. This is because Royal Crown has done absolutely nothing wrong and it possesses no such ill-begotten property. Thus, the Fund's claim is merely that at some distant time, on some distant day, Royal Crown may fail to make an interim withdrawal liability payment. Such allegations are speculative and wholly insufficient to establish entitlement to a constructive trust.

Moreover, the principles this Court enunciated in *Weinstein* apply with even greater force here because the Fund cannot cite a single case where a court granted a constructive trust against an employer that had made timely interim withdrawal liability payments. Predictably, the Fund cites *Trustees of the Suburban Teamsters of Northern Illinois Pension Fund v. Harry W. Kuhn, Inc. et al*, 05 C 1343 (N.D. Ill. Mar. 30, 2005) as the sole legal support for maintaining Count II of its Complaint (attached to Royal Crown's Memorandum in Support of its Motion to Dismiss as Exhibit B). But *Harry W. Kuhn, Inc.* is inapposite because in that case (and unlike the instant situation) the employer failed to make timely interim withdrawal liability payments as assessed by the funds and as required by ERISA. Furthermore, *Harry W. Kuhn, Inc.* contains no substantive discussion or analysis of why a constructive trust was appropriate in that case. Rather, the Court merely granted a temporary restraining order ("TRO").[2] Decisions granting TRO's, of course, are not final adjudications on the merits and thus bereft of precedential value. *See Ocampo De Kalb, LLC v. GMAC Commer. Mortg. Corp.*, 169 F. Supp. 2d 810, 814 (N.D. Ill. 2001). As such, the Fund has cited absolutely no relevant legal authority for the remedy it seeks.

---

[2] The parties later settled the case and the Court issued no further rulings on the appropriateness of the pension fund's constructive trust.

CH1 11464981.3

The Fund argues that the public policy of MPPAA is to rectify employer contribution delinquencies and adjust the relief available to multi-employer pension funds when a contributing employer withdraws from that fund. Nothing in the case law or MPPAA's legislative history, however, suggests that Congress intended for the statute to favor the pension fund in relation to other creditors of the withdrawing employer, or the employer itself in the absence of a default. That, in essence, is what the Fund requests. But ERISA does not grant the Fund this right. In fact, the relief requested by the Fund all but eviscerates the employer's right to make quarterly payments instead of paying withdrawal liability in a lump sum. This is so because the constructive trust requested by the Fund would require Royal Crown to set aside the entirety of the withdrawal liability. But the law specifically permits quarterly payments by a withdrawing employer, and the employer must pay interest for this right. On the other hand, ERISA and the MPPAA do not grant the Fund the right to "leapfrog" other creditors, nor do they permit the Fund to obtain a constructive trust when Royal Crown has made timely interim payments.[3] Rather, as the Fund itself has previously admitted, as long as Royal Crown continues to make timely interim payments, the Fund has suffered no harm and can obtain no remedy, legal, equitable or otherwise, under the law.

---

[3] Presumably, Congress could have provided that an assessment of withdrawal liability creates a constructive trust on the employer's assets in such amount, just as it created the "pay now, grieve later" scheme for an withdrawing employer to dispute the assessment of withdrawal liability.

CH1 11464981.3

**CONCLUSION**

For the reasons stated above in its initial Memorandum of Law, Defendant Royal Crown

requests that Count II of the Complaint be dismissed with prejudice, and requests such other

relief as may be proper.

**DATED: May 6, 2008**                    Respectfully submitted,

                                          ROYAL CROWN BOTTLING
                                          COMPANY OF CHICAGO


                                          By:  /s/        Colin M. Connor
                                                 One of Its Attorneys

Joel H. Kaplan
Marc. R. Jacobs
Colin M. Connor
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

CH1 11464981.3

## CERTIFICATE OF SERVICE

I, Colin M. Connor, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing REPLY IN SUPPORT OF ROYAL CROWN'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT to be served upon the following counsel of record on May 6, 2008 through the Court's electronic filing system:

> Librado Arreola
> Barry G. Collins
> Asher, Gittler, Greenfield & D'Alba, Ltd.
> 200 W. Jackson Blvd., Suite 1900
> Chicago, Illinois 60606


/s/      Colin M. Connor

CH1 11464981.3