# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 502 | **DATE** | June 25, 2008 |
| **CASE TITLE** | Trustees of the Soft Drink Industry-Local Union No. 744 Pension Fund vs. Royal Crown Bottling Co. of Chicago | | |

**DOCKET ENTRY TEXT**

The oral ruling date set for Thursday, June 26, 2008 on Defendant's Motion to Dismiss Count II of the Complaint is stricken. For the reasons given below, the motion is granted. Status hearing set for 7/3/2008 at 9:00 a.m.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

Factual Background

      For purposes of a motion to dismiss, the Court accepts the well-pleaded allegations of the Complaint as true. Pursuant to a collective bargaining agreement ("CBA") with the Teamsters Local Union No. 744, Royal Crown was required to make contributions to the Pension Fund on behalf of certain of its employees. Compl. ¶¶ 9, 10. Royal Crown ceased its business operations subject to the CBA in 2005 and effected a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383. Compl. ¶¶ 14, 15. As a result, Royal Crown incurred "withdrawal liability" to the Pension Fund in the amount of $3,064,114.00, as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b). Compl. ¶ 16. The Pension Fund notified Royal Crown that it could discharge its withdrawal liability obligation by a single lump sum payment, or by eighty quarterly payments of $64,749.00, beginning on September 30, 2005, with final payment due on June 30, 2025. This would result in a cumulative payment of $5,179,920.00. Compl. ¶ 18. Royal Crown has requested review of this withdrawal liability determination. Compl. ¶ 19. In the meantime, Royal Crown chose to make quarterly withdrawal liability payments and has made payments totaling $647,490.00 to date. Compl. ¶ 117.

Discussion

      Count II of the Complaint seeks injunctive relief in the form of a contructive trust in favor of the Pension Fund for a sum of $4,532,430.00 to pay Royal Crown's alleged future withdrawal liability payments. *See* Compl. ¶¶ 76-125. This sum "represents the total quarterly installments due, $5,179,920.00, less $647,490.00 in withdrawal liability installment payments made to date." Compl. ¶ 117. The Pension Fund does not allege that Defendant's payments have been insufficient or untimely. Rather, it alleges that "Royal Crown has closed its operations and sold most of its assets," Compl. ¶ 111, and "Royal Crown's financial disclosures to the Pension Fund during the Section 4219 (29 U.S.C. 1399) review process show that it does

**STATEMENT**

not presently have sufficient liquid assets to pay the outstanding withdrawal liability obligation," Compl. ¶ 114. "The Pension Fund seeks to avoid a *future* default by Royal Crown with the imposition of a contructive trust," Compl. ¶ 120 (emphasis added).

The Pension Fund has cited no cases in which a court has imposed a constructive trust where the defendant made all withdrawal liability payments to date, and the Court could find none. The cases cited by the Pension Fund, *Trustees of the Suburban Teamsters of No. Ill. Pension Fund v. Harry W. Kuhn, Inc., et al.*, No. 05 C 1343 (N.D. Ill. Mar. 30, 2005), and *Galgay v. Beaverbrook Coal Co.*, 105 F.3d 137 (3d Cir. 1997), are inapposite because the employers were delinquent to the pension funds and failed to made timely interim withdrawal liability payments. *See Trustees*, 05 C 1343, at *2 ("The initial installment payments were due on March 1, 2005. On March 2, 2005, after the installment payments were not received, Plaintiffs sent Defendants a past-due notice and a demand for payment. No payments have been received."); *Galgay*, 105 F.3d at 141 (reversing the district court's denial of the fund's request for a preliminary injunction ordering interim withdrawal liability payments where "withdrawal liability was assessed, [defendant] was notified and payments were not made."). The Pension Fund's assertion that Royal Crown may default in the future is not sufficient for imposition of a constructive trust. *See Weinstein v. Carrane, et al.*, 1991 U.S. Dist. LEXIS 16427, No. 90 C 1190 (N.D. Ill. Nov. 6, 1991), at *11 ("A constructive trust will not be imposed, . . . unless: the complaint makes specific allegations of wrongdoing . . . such as fraud, breach of fiduciary duty, duress, coercion or mistake. Furthermore, the grounds for imposing a constructive trust must be so clear, convincing, strong and unequivocal as to lead to but one conclusion.") (citation omitted).

Hence, Royal Crown's Motion to Dismiss Count II of the Complaint is granted.