UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SOFT DRINK INDUSTRY - LOCAL UNION NO. 744 PENSION FUND, <br><br> Plaintiff, <br><br> v. <br><br> ROYAL CROWN BOTTLING COMPANY OF CHICAGO, A Tennessee Corporation, <br><br> Defendant. | Case No. 08 C 0502 <br><br> Judge Leinenweber <br> Mag. Judge Nolan |

## STATEMENT IN SUPPORT OF PLAINTIFF, TRUSTEES OF THE SOFT DRINK INDUSTRY - LOCAL UNION NO. 744 PENSION FUND'S, MOTION FOR SUMMARY JUDGMENT

Plaintiff, TRUSTEES OF THE SOFT DRINK INDUSTRY - LOCAL UNION NO. 744 PENSION FUND ("Fund"), by and through its attorneys, Asher, Gittler, Greenfield & D'Alba, Ltd., and pursuant to Federal Rules of Civil Procedure, Rules 56 and Rule 56.1 of the Local Rules, hereby submits its statement of material facts as to which there is no genuine issue:

1. Plaintiffs are the Trustees of the Soft Drink Industry, Local Union No. 744 Pension Fund ("Pension Fund"), which is a multiemployer pension plan within the meaning of Section 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. § 1002(37) and 1301(a)(3). (Paragraph 5, Docket Document #9, Royal Crown Bottling Company of Chicago, Partial Answer to Count I of Complaint (hereinafter "Docket #9, par. 5").)

2. The present Trustees of the Pension Fund are the Plan Sponsor of the Pension Fund within the meaning of Section 4001(a)(10)(A), 29 U.S.C. § 1301(a)(10)(A). (Docket #9, par. 6.)

1

3. Pursuant to Section 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. § 1132(a)(3) and 1451(a)(1), the Trustees are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability. (Docket #9, par. 7.)

4. Royal Crown is a Delaware corporation, it is an employer engaged in an industry affecting commerce and it has an office and operates and transacts business in Chicago, Illinois. (Docket #9, par. 8.)

5. Royal Crown was subject to a Collective Bargaining Agreement ("CBA") executed with Teamsters Local Union No. 744. (Docket #9, par. 9.)

6. Royal Crown was required to make contributions to the Pension Fund on behalf of certain of its employees pursuant to the CBA. (Docket #9, par. 10.)

7. The funds contributed to the Pension Fund by Royal Crown are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable Federal laws and the funds are administered pursuant to the terms and provisions of a certain Amended Agreement and Declaration of Trust ("Trust Agreement"). (Docket #9, par. 11.)

8. The CBA and the Trust Agreement required Royal Crown to submit contribution reports listing the hours worked by its bargaining unit employees (hereinafter referred to as "contribution reports") and to make concurrent payment of contributions to the Pension Fund based upon the hours worked by said employees. (Docket #9, par. 12.)

9. As provided in the Trust Agreement, the Pension Fund is required to receive, hold and manage all monies required to be contributed to the Pension Fund in accordance with the

provisions of the then applicable CBA for the uses and purposes set forth in the Trust Agreement. (Docket #9, par. 13.)

10. Royal Crown ceased its business operations subject to the CBA in 2005 and began selling its assets. (Docket #9, par. 14.)

11. During the plan year ending December 31, 2005, Royal Crown permanently ceased to have an obligation to contribute to the Pension Fund, thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. 1383. (Docket #9, par. 15.)

12. As a result of this complete withdrawal, Royal Crown incurred "withdrawal liability" to the Pension Fund in the amount of $3,064,114.00, as determined under Section 4201(b) of ERISA, 29 U.S.C. 1381(b). (Docket #9, par. 18; Exhibit A.)

13. On about September 12, 2005, Royal Crown received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. 1382(2) and 1399(b)(1). (Docket #9, par. 17; Exhibit A.)

14. The September 12, 2005, notice from the Pension Fund notified Royal Crown that its withdrawal liability obligation could be discharged by a single lump sum payment of $3,064,114.00, or by eighty (80) quarterly payments of $64,749.00, beginning on September 30, 2005, with a final payment due on June 30, 2025. (Docket #9, par. 18; Exhibit A.)

15. The eighty (80) quarterly payments over 20 years would result in a cumulative payment of $5,179,920.00. (Docket #9, par. 18.)

16. On December 9, 2005, Royal Crown, through its counsel, requested review of the Pension Fund's withdrawal liability determination in accordance with Section 4219(b)(2)(A) of ERISA, 29 U.S.C. 1399(b)(1). (Docket #9, par. 19; Exhibit B.)

17. On May 22, 2006, the Pension Fund responded to Royal Crown's request for a review and advised Royal Crown that the Trustees of the Pension Fund had declined to reduce Royal Crown's withdrawal liability because Royal Crown had not provided documentation sufficient to support its position. (Docket #9, par. 20; Exhibit C.)

18. On June 27, 2006, Royal Crown provided the Pension Fund with additional financial information. (Docket #9, par. 21; Exhibit D.)

19. On November 6, 2006, the Pension Fund again advised Royal Crown that it would not make any adjustments to the withdrawal liability because Royal Crown had not provided documentation sufficient to support its position. (Docket #9, par. 22; Exhibit E.)

20. On January 4, 2007, Royal Crown submitted a request for arbitration of the withdrawal liability dispute to the American Arbitration Association ("AAA"). (Docket #9, par. 23; Exhibit F.)

21. On January 8, 2007, the Pension Fund responded to Royal Crown's request for arbitration, advising AAA and Royal Crown that Royal Crown's request to arbitrate the matter was untimely under Section 4221(a)(1) of ERISA, 29 U.S.C. 1401(a)(1). (Docket #9, par. 24; Exhibit G.)

22. On January 10, 2007, AAA sent the parties a letter acknowledging that it had received Royal Crown's request for arbitration on January 4, 2007, and provided the parties with a list of arbitrators. (Docket #9, par. 25; Exhibit H.)

23. On January 24, 2007, the Pension Fund advised AAA that Royal Crown's request to arbitrate was untimely and therefore the matter was not subject to arbitration. (Docket #9, par. 26; Exhibit I.)

24. On March 8, 2007, Royal Crown responded to the Pension Fund's letter of January 24, 2007, further pressing its opinion that the dispute regarding the timeliness of the request to arbitrate is a matter to be resolved by the arbitrator and not the courts. (Docket #9, par. 27; Exhibit J.)

25. On March 23, 2007, the Pension Fund responded to Royal Crown's March 8, 2007, letter and again advised AAA that Royal Crown's request to arbitrate was untimely and therefore the matter was not subject to arbitration. (Docket #9, par. 28; Exhibit K.)

26. In a letter dated March 27, 2007, AAA advised the Pension Fund that it had until April 6, 2007, to select an arbitrator and to raise the disputed issue before the arbitrator. (Docket #9, par. 29; Exhibit L.)

27. In a letter dated April 6, 2007, Royal Crown advised AAA that it wanted to stay the arbitral proceedings pending settlement discussion between the parties. (Docket #9, par. 30; Exhibit M.)

28. In a letter dated December 13, 2007, Royal Crown advised AAA that it intended to proceed with arbitration. (Docket #9, par. 31; Exhibit N.)

29. In a letter dated December 13, 2007, AAA advised the Pension Fund that the Pension Fund had until January 4, 2008, to select an arbitrator and to raise the disputed issue before the arbitrator. (Docket #9, par. 32; Exhibit N.)

30. In a letter dated January 8, 2008, AAA advised the Pension Fund that the Pension Fund now had until January 10, 2008, to select an arbitrator and to raise the disputed issue before the arbitrator. (Docket #9, par. 33; Exhibit O.)

31. In its letter dated January 8, 2008, AAA also advised that the Pension Fund's

failure to select an arbitrator will result in a selection being made by AAA. (Docket #9, par. 33; Exhibit O.)

32. In a letter dated January 14, 2008, the Pension Fund advised AAA that, absent an agreement from Royal Crown to stay the selection of an arbitrator pending this action, the Pension Fund would include AAA as a Defendant in order to enjoin its arbitrator selection procedures. (Docket #9, par. 34; Exhibit P.)

33. On January 21, 2008, Royal Crown agreed to stay the arbitration selection procedures with AAA, pending a ruling by this Court as to the arbitrability of this matter. (Docket #9, par. 35.)

Respectfully submitted,

/s/Barry G. Collins; IL ARDC#: 3126979

/s/ Librado Arreola; IL ARDC#: 6203323

Asher, Gittler, Greenfield & D'Alba, Ltd.
200 West Jackson Blvd., Suite 1900
Chicago, Illinois 60606
(302) 263-1500