```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

| | |
|---|---|
| **TRUSTEES OF THE SOFT DRINK INDUSTRY - LOCAL UNION NO. 744 PENSION FUND,** | |
| Plaintiff, | Case No. 08 C 502 |
| v. | Hon. Harry D. Leinenweber |
| **ROYAL CROWN BOTTLING COMPANY,** a Delaware Corporation, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion for Judgment on the Pleadings or for Summary Judgment filed by Plaintiff Trustees of the Soft Drink Industry - Local Union No. 744 Pension Fund (hereinafter, the "Pension Fund"). The Pension Fund seeks a declaratory judgment regarding Defendant Royal Crown Bottling Company of Chicago's (hereinafter, "Royal Crown") request to arbitrate the withdrawal liability assessed against it by the Pension Fund under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. The Pension Fund also asks that Royal Crown's counterclaim be dismissed. For the reasons set forth below, the Pension Fund's motion is **granted**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The following is taken from the pleadings, viewed in the light most favorable to Royal Crown, the non-moving party. Royal Crown

executed a Collective Bargaining Agreement and a Declaration of Trust with Teamsters Local Union No. 744.  Pursuant to these agreements, Royal Crown was required to make contributions to the Pension Fund, a multiemployer pension fund, on behalf of certain of its employees.  In 2005, Royal Crown ceased its business operations, began selling its assets, and permanently ceased making contributions to the Pension Fund.  As a result, on September 12, 2005, the Pension Fund advised Royal Crown that it had effected a complete withdrawal and demanded payment of withdrawal liability in the amount of $3,064,114.00, as determined under 29 U.S.C. § 1381(b).  The Pension Fund notified Royal Crown that it could discharge its withdrawal liability obligation by a single lump sum payment, or by eighty quarterly payments of $64,749.00, beginning on September 30, 2005, with final payment due on June 30, 2025.

On December 9, 2005, Royal Crown timely requested review of the assessment pursuant to 29 U.S.C. § 1399(b)(2)(A).  Royal Crown asked that the Pension Fund reduce the assessment under 29 U.S.C. § 1405(b) because Royal Crown was an insolvent employer undergoing litigation, and it provided certain financial documents to the Pension Fund to support its request.  On May 22, 2006, the Pension Review advised Royal Crown that it had declined to reduce the assessment and requested additional information in order to assess the applicability of Section 1405(b).  Royal Crown provided the Pension Fund with financial information on June 27, 2006.  In a

letter dated November 6, 2006, the Pension Fund again informed Royal Crown that it would not reduce the assessment.

On January 4, 2007, Royal Crown submitted a request for arbitration of the withdrawal liability dispute to the American Arbitration Association (the "AAA"). Thereafter, the Pension Fund advised AAA and Royal Crown that Royal Crown's arbitration request was untimely under Section 4221(a)(1) of ERISA and that the matter was not subject to arbitration.

On January 23, 2008, the Pension Fund filed its Complaint, seeking declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and injunctive relief pursuant to the ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1). On December 11, 2008, Royal Crown filed its Counterclaim, also seeking declaratory relief regarding the withdrawal liability and requesting that the Court order the Pension Fund to reduce the amount of withdrawal liability pursuant to 29 U.S.C. § 1405. Arbitration proceedings before the AAA currently are stayed pending a ruling by this Court as to the arbitrability of this matter.

In its current motion, the Pension Fund asks the Court to declare that Royal Crown's arbitration request was untimely, such that any defenses to the withdrawal liability assessment were waived, and enjoin Royal Crown from arbitrating or otherwise challenging the assessment. In its response, Royal Crown admits that it received notice of the assessment in September 2005 and

demanded arbitration in January 2007, a time frame that exceeded the deadline delineated in 29 U.S.C. § 1401(a)(1). Royal Crown requests, however, that the Court equitably toll the deadline for initiating arbitration, dismiss the action, and order that the parties arbitrate the dispute. Royal Crown argues that it did not request arbitration within the statutory period because it relied on the Pension Fund's misrepresentations that it would reduce the assessment pursuant to Section 1405(b). Thus, Royal Crown contends that, because of the Pension Fund's deception and delay in communicating its denial, the Court should consider its demand for arbitration as timely filed.

## II. **STANDARD OF REVIEW**

The standard of review for a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is identical to the standard for a motion to dismiss. *U.S. v. Wood*, 925 F.2d 1580, 1581 (7th Cir., 1991). Viewing the facts in the light most favorable to the non-moving party, the Court may only grant the motion if it "appears beyond a doubt" that the non-movant can prove no facts that would support its claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved. *Guise v. BWM Mortg., LLC,* 377 F.3d 795, 798 (7th Cir., 2004). When determining whether judgment on the pleadings is proper, the court "may not look beyond the pleadings, and all

uncontested allegations to which the parties had an opportunity to respond are taken as true." *Wood*, 925 F.2d at 1581.

### III. DISCUSSION

The Multiemployer Pension Plan Adjustment Act, a series of amendments to ERISA, protects employees in multiemployer pension plans by requiring employers who withdraw from such plans to pay their share of unfunded vested benefits, otherwise known as "withdrawal liability." 29 U.S.C. § 1381(b)(1); *Chicago Truck Drivers v. El Paso Co.*, 525 F.3d 591, 595 (7th Cir., 2008). When an employer withdraws from the plan, the plan sponsor calculates the amount of withdrawal liability, notifies the employer of the liability, and demands payment. *Id.*

Upon receipt of a plan sponsor's notice and demand, if an employer wishes to dispute the assessment of withdrawal liability, it must arbitrate the issue in a timely fashion. *Id.*; 29 U.S.C. § 1401(a)(1). The notice and demand "starts the arbitration clock running and thus determines whether the initiation of arbitration was timely." *Chicago Truck Drivers*, 525 F.3d at 598. First, the employer must request an informal review of the assessment by the plan sponsor within 90 days. *See* 29 U.S.C. § 1399(b)(2). The employer then has 60 or 120 additional days to demand arbitration. *See* 29 U.S.C. § 1401(a)(1). If the employer fails to demand arbitration within the statutory deadline, the amount of withdrawal liability assessed by the plan sponsor becomes "due and owing," and

the plan sponsor (as here) can sue to collect it. 29 U.S.C. § 1401(b)(1); *Central States, Southeast and Southwest Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1372 (7th Cir., 1992).

In this case, the Pension Fund argues that Royal Crown has waived its right to contest the amount of the assessment because it failed to demand arbitration within the statutory time frame. The parties agree and the Court also finds that: (1) the Pension Fund is a multiemployer pension plan, and Royal Crown is an employer for purposes of ERISA; (2) the Pension Fund notified Royal Crown of its assessed withdrawal liability on September 12, 2005; and (3) Royal Crown requested arbitration on January 4, 2007 and failed to initiate arbitration within the statutory time period. Thus, aside from the argument about equitable tolling, the Pension Fund should prevail on its collection claim. *See Chicago Truck Drivers*, 525 F.3d at 597-98. The Court now turns to Royal Crown's argument that the deadline for initiating arbitration should be tolled.

Congress imposed the deadline for initiating arbitration, a form of statute of limitations, in order to require expeditious resolutions to disputes over withdrawal liability. *See Central States*, 956 F.2d at 1376-77. The Seventh Circuit has carved out a narrow exception that allows for equitable tolling in certain situations when the employer files a legitimate defense in federal court. *See Central States*, 956 F.2d at 1377 (*citing Banner Industries, Inc. v. Central States, Southeast and Southwest Areas*

*Pension Fund*, 875 F.2d 1285 (7th Cir., 1989) *and Trustees of Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund v. Central Transport, Inc.*, 888 F.2d 1161 (7th Cir., 1989)). Although other circuits have created broader exceptions, *see, e.g., Doherty v. Teamsters Pension Trust Fund of Philadelphia and Vicinity,* 16 F.3d 1386 (3d Cir., 1994), the Seventh Circuit has advised district courts to interpret its exception narrowly in order to effectuate Congress's desire that challenges to withdrawal liability be resolved quickly. *See Central States*, 956 F.2d at 1377.

In this case, the Pension Fund satisfied the statutory requirements by issuing a proper notice and demand for withdrawal liability. As discussed above, Royal Crown failed to initiate arbitration timely to contest the assessment. Royal Crown contends that the deadline should be tolled because the Pension Plan made misrepresentations regarding whether it would decrease the assessment pursuant to Section 1405(a) and delayed making a final decision as to this issue. These arguments are not cognizable reasons to support equitable tolling of the statutory deadline for initiating arbitration, *see Central States*, 956 F.2d at 1377, and this Court refuses to create a new exception. While this result may be harsh, Royal Crown cannot claim to have been unaware of the ramification of its failure to comply with the statute's requirements. *See Robbins v. Admiral Merchants Motor Freight,*

*Inc.*, 846 F.2d 1054, 1057 (7th Cir., 1988). Consequently, the Court rejects Royal Crown's request that the deadline be equitably tolled.

As such, based on the pleadings, the Pension Plan is entitled to a declaratory ruling that Royal Crown's arbitration request was untimely pursuant to Section 4221(a)(1) of ERISA. Royal Crown waived its objections to the assessment by virtue of its failure to timely file for arbitration. Because arbitration was not initiated as required by the statute, the amounts demanded by the Pension Fund are due and owing on the schedule set forth by the Pension Fund. *See* 29 U.S.C. § 1401(b)(1). The Court enjoins Royal Crown from proceeding to arbitration or otherwise challenging the withdrawal liability assessed against it by the Pension Fund on September 12, 2005.

## IV. CONCLUSION

For the reasons stated herein, the Pension Fund's Motion for Judgment on the Pleadings is **granted**.

**IT IS SO ORDERED.**

 Harry D. Leinenweber, Judge
 United States District Court

**DATE:** 2/10/2009